Flores, Recurrente, *v.* El Registrador de Guayama, Recurrido.

Recurso gubernativo contra nota del Registrador de la Propiedad de Guayama denegando la inscripción de una escritura de compraventa.

No. 536.—Resuelto en julio 28, 1922.

Poder Otorgado en Estados Unidos—Legalización de Poder.—No puede causar inscripción en Puerto Rico un poder otorgado ante un notario en Esta-

dos Unidos si tal poder no ha sido legalizado ante uno de los funcionarios expresados en el artículo 69 de la Ley de Evidencia.

BIENES GANANCIALES—BIENES PRIVATIVOS.—Constituye defecto subsanable el no acreditarse el carácter privativo de los bienes que en tal concepto pretende inscribir un cónyuge a su favor, no siendo bastante a tal fin la simple expresión del otro cónyuge en cuanto al origen privativo del dinero invertido en la compra.

Los hechos están expresados en la opinión.

Abogado de la recurrente: *Sr. M. A. Rivera.*

El registrador recurrido no compareció.

EL JUEZ ASOCIADO SR. FRANCO SOTO, emitió la opinión del tribunal.

Se presentó al Registro de la Propiedad de Guayama, para su inscripción, la escritura No. 59, otorgada en 30 de noviembre de 1921 ante el notario Manuel A. Rivera, mediante la cual Silverio Carattini y Carattini, actuando como apoderado de Pedro Rosario Carattini, vendió a Josefa Flores y Planellas, de estado casada, una finca urbana radicada en Aibonito. En dicha escritura se consignó además que la finca adquirida no tiene el carácter de bien ganancial porque la cantidad pagada por la adquirente corresponde a sus bienes privativos.

El registrador denegó la inscripción fundándose en que el poder que ostenta Silverio Carattini y Carattini y que se inserta en la escritura, no está debidamente legalizado; y además señaló el defecto subsanable de no acreditarse que el dinero con que se ha hecho la compra de la finca sea privativo de la compradora.

La nota del registrador fué recurrida para ante nos y es objeto de nuestra resolución final.

Resulta cierto que Pedro Rosario Carattini, residente en la ciudad de Baltimore, Estado de Maryland, compareció ante el notario William E. Schol y otorgó el poder que se refiere e inserta en la escritura de venta, pero no consta del mismo poder ni de otro documento que la firma del notario haya sido autenticada o legalizada en forma alguna.

El artículo 69 de la Ley de Evidencia, enmendado según la Ley de 24 de febrero de 1906, dice así:

"Art. 69. — Otros documentos oficiales podrán probarse como sigue:

\*        \*        \*        \*        \*    .    \*        \*

"7. Los documentos de cualquiera otra clase en un Estado de la Unión, mediante el original o una copia, certificada por el guardador legal de aquél, acompañada de la certificación del Secretario de Estado, un juez de la Corte Suprema, superior, o del condado, o alcalde de una ciudad de dicho Estado, haciendo constar que la copia está certificada en debida forma por el funcionario encargado oficialmente de la custodia del original."

La disposición legal anterior es enteramente aplicable al presente recurso y puede notar la recurrente que existe en nuestro estatuto una ley clara que prevé la forma en que deben legalizarse los documentos que otorga un notario en un Estado de la Unión para que puedan surtir todos sus efectos legales en Puerto Rico.

En consecuencia, no apareciendo de la escritura de venta ni de ningún otro documento que al poder otorgado por Pedro Rosario Carattini ante el notario William E. Schol se haya acompañado la certificación expedida por alguno de los funcionarios a que alude la disposición arriba citada, autenticándose por ese medio la firma del notario, es fácil entender que el registrador estuvo justificado al denegar la inscripción de la venta, toda vez que faltando la autenticidad de la firma del notario autorizante, el poder más bien tiene el carácter de un documento privado para los efectos del registro.

Habiendo llegado a la conclusión que antecede que implica la no inscripción de la escritura de venta, podría omitirse la consideración del segundo defecto subsanable apuntado. Sin embargo, es conveniente decir que la simple manifestación del otro cónyuge no es bastante, como se ha decidido por esta misma corte en *Feliú* v. *El Registrador*, 16 D. P. R. 766.

En el presente caso, además de la aceptación del esposo, en la escritura se fija, con referencia a hechos concretos, el origen privativo del dinero invertido en la compra. Acreditados esos hechos, quedaría justificado el carácter privativo de los bienes. Véanse las decisiones de esta corte en los casos de *Sociedad Protectora de Niños* v. *El Registrador de San Juan,* 29 D. P. R. 974, y *Usera* v. *El Registrador de San Juan,* (pág. 89).

Por las razones que anteceden la nota del registrador debe ser confirmada.

*Confirmada la nota recurrida.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Aldrey y Hutchison.

El Juez Asociado Sr. Wolf no intervino en la resolución de este caso.