ELEUTERIO MONTALVO RAMÍREZ, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD, recurrido.

*Número:* G-66-6      *Resuelto:* 2 de mayo de 1967

*Raúl Matos* y *Raúl E. Matos,* abogados del recurrente. El Registrador recurrido compareció por escrito.

Sala Primera integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Señores Blanco Lugo, Dávila y Ramírez Bages.

PER CURIAM: Por la escritura número dos otorgada en Ponce el día 15 de enero de 1964 ante el Notario William Morales Torres, doña Providencia Álvarez Rosaly, conocida también por Crescencia Álvarez Rosaly, doña Josefina Riollano Álvarez, como apoderada de Dolores Álvarez Rosaly, conocida también por María Dolores Álvarez Rosaly y José Ramón de Jesús como apoderado de Leoner Álvarez Rosaly, renunciaron, cedieron y traspasaron a favor de Eleuterio Montalvo Ramírez todos los derechos y acciones que le corresponden o pudieran corresponderles en el inmueble descrito en dicha escritura por precio de $4,500.00.

Se presentó dicha escritura en el Registro de la Propiedad acompañada, entre otros documentos, de copia certificada de la escritura número uno de protocolización de poder, otorgada en 15 de enero de 1964 ante el notario William Morales Torres.

El Registrador inscribió la escritura "con el defecto subsanable de no acreditarse la legislación del Estado de Nueva York conforme se otorgó el poder protocolizado por la escritura Núm. 1 de 15 de enero de 1964 ante el notario William

Morales Torres, según lo dispone el Art. 11 del Código Civil".

No conforme, el cesionario y comprador Sr. Montalvo interpuso este recurso gubernativo.

El documento de poder, protocolizado mediante la escritura Núm. 1 de 15 de enero de 1964, fue suscrito por la poderdante, doña Dolores Álvarez Rosaly en la ciudad de Nueva York, Condado del mismo nombre, Estados Unidos de Norte América, el día 7 de noviembre de 1963 ante el notario Abraham Eckstein. El referido documento de poder fue legalizado ante el County Clerk y Clerk del Tribunal Supremo del Condado de Nueva York, Sr. James McGurrin, el 8 de noviembre de 1963. En la legalización del documento de poder el Sr. McGurrin certifica (1) que Abraham Eckstein, quien suscribe el afidávit, deposición, certificado de reconocimiento o de prueba que se une, era a la fecha de la ejecución del documento un notario público del Estado de Nueva York debidamente juramentado, comisionado y cualificado para actuar como tal notario público en todo el Estado de Nueva York, (2) que de acuerdo con la ley se ha archivado en su oficina una comisión o certificado de su carácter oficial y su firma autógrafa, (3) que como tal notario público fue debidamente autorizado por las leyes del Estado de Nueva York para tomar juramentos y afirmaciones, recibir y certificar el reconocimiento o prueba de traspasos, hipotecas, poderes y otros instrumentos que afecten las tierras, sus poseedores y el derecho hereditario para ser admitidos en evidencia o registrados en el Estado de Nueva York, para protestar letras de cambio o pagarés y para autorizar afidávits y deposiciones, (4) que conoce la firma del notario o la ha comparado con la que se encuentra registrada en su oficina y según su creencia la estampada en el documento unido (el poder) es genuina.

En la legalización del documento de poder se certifica tanto el carácter oficial del notario Abraham Eckstein como la autenticidad de su firma por el funcionario autorizado

para ello por la ley de Nueva York. 18 McKinney's *Consolidated Laws of New York*, Sec. 132, pág. 61. Además se relatan en dicha legalización las facultades concedidas a los notarios de Nueva York por las leyes de dicho Estado, lo que evidentemente suplía la exigencia, a nuestro juicio improcedente del Registrador de que se acreditara la legislación del Estado de Nueva York. Véase *Flores* v. *Registrador*, 31 D.P.R. 124 (1922) y compárese con *Vda. de Ruiz* v. *Registrador*, 93 D.P.R. 914 (1967).

*Por los motivos expuestos se revocará la nota recurrida respecto al defecto subsanable anotado y se ordenará la inscripción del título de renuncia, cesión y traspaso libre de dicho defecto.*