FUENTES, RECURRENTE, *v.* EL REGISTRADOR DE CAGUAS, RECURRIDO.

RECURSO gubernativo contra nota del Registrador de la Propiedad de Caguas inscribiendo con defecto subsanable una escritura de compraventa.

No. 295.—Resuelto en noviembre 28, 1916.

BIENES DE MENORES—PATRIA POTESTAD—COMPRAVENTA—JUSTIFICACIÓN DE LA PROCEDENCIA DEL DINERO INVERTIDO EN LA COMPRA—DEFECTO SUBSANABLE.— En las adquisiciones hechas por los padres en representación de sus menores hijos no emancipados y bajo patria potestad, no están obligados a acreditar la procedencia del dinero invertido y por tanto, el dejar de justificar ese extremo en el documento de compra, no constituye defecto subsanable, a los efectos de su inscripción en el registro.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. Andrés Mena.*

El registrador recurrido, Sr. Emigdio S. Ginorio, compareció en nombre propio.

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

Por escritura pública No. 310 otorgada en la ciudad de Humacao en 19 de septiembre de 1916 ante el Notario Andrés Mena Latorre, Juan Pérez Castro vendió a los menores Carmen Alicia y Pablo Gabriel Fuentes y Borges, representados por su padre Gabriel C. Fuentes, una casa de la propiedad del vendedor radicada en la ciudad de Caguas, por precio de $900 que confesó haber recibido en el mismo día y que, según se hace constar en el documento, pertenecían por mitad

a dichos menores como procedentes de la venta en pública subasta llevada a efecto el día anterior por el Márshal de la Corte de Distrito de Humacao, de unos condominios que tenían los expresados menores sobre otra casa situada en la misma ciudad de Caguas.

Presentada copia de la anterior escritura en el Registro de la Propiedad de Caguas para su inscripción, el registrador la verificó con el defecto subsanable de no acreditarse en el documento la procedencia del dinero invertido en la compra de la casa a que el mismo se contrae.

Esa nota ha sido recurrida para ante esta Corte Suprema en la parte relativa al defecto subsanable.

No encontramos precepto alguno en la Ley Hipotecaria que justifique la nota recurrida.

Es cierto, según alega el registrador, que para que los bienes adquiridos durante el matrimonio por cualquiera de los cónyuges se consideren privativos del adquirente, es necesario justificar la procedencia del dinero con que se hace la adquisición de modo más fehaciente que por la sola voluntad de los consortes interesados, según dijimos al resolver el caso de *Feliú et al.* v. *El Registrador de la Propiedad,* 16 D. P. R. 766; pero esa doctrina tiene su fundamento en los preceptos del Código Civil que regulan las adquisiciones hechas durante el matrimonio, cuyos preceptos no son aplicables a las adquisiciones hechas por los padres en representación de sus menores hijos no emancipados y bajo la patria potestad de los mismos.

Las adquisiciones hechas por los padres en representación de los hijos que están bajo su patria potestad más bien pueden compararse con las adquisiciones hechas por un mandatario a nombre de su mandante, y así como el mandatario al adquirir para su mandante no está obligado a justificar que pertenece a éste el dinero con que verifica la adquisición, tampoco puede exigirse al padre que adquiere a nombre de su hijo que acredite ser de la propiedad de éste el dinero con que adquiere. Sólo en caso de litigio sobre la legitimidad

de la adquisición podrá exigirse la prueba que prematura-
mente exige el registrador.

El artículo 82 de la Ley. de Procedimientos Legales Es-
peciales, tal como quedó enmendado por la Ley No. 33 de
9 de marzo de .1911, previene que en cualquier caso en que
el juez autorice al representante del menor para algún acto
o contrato en que el menor obtenga dinero u otros valores,
la resolución determinará la colocación o inversión de lo ad-
quirido y el Fiscal vigilará por los medios que considere ade-
cuados, el cumplimiento de la resolución judicial.   En con-
sonancia con ese precepto Gabriel C. Fuentes estará obligado
a justificar la inversión de los $900 que recibió por la venta
de los condominios que tenían sus hijos sobre la casa subas-
tada por el Márshal de la Corte de Distrito de Humacao;
pero no es el Registrador de Caguas el llamado a exigir la
justificación de esa inversión sino el Fiscal del distrito.

Por las razones expuestas es de revocarse la nota recu-
rrida en cuanto al defecto subsanable en ella consignado.

*Revocada la nota en la parte recurrida.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Al-
drey y Hutchison.