PERFECTA GONZÁLEZ, recurrente, *v.* EL REGISTRADOR DE MAYAGÜEZ, recurrido.

No. 681.—*Sometido:* Mayo 20, 1927. *Resuelto:* Mayo 26, 1927.

1. VENDEDOR Y COMPRADOR—REQUISITOS Y VALIDEZ DEL CONTRATO—CONTRATO CONSIGNADO EN ESCRITURA PÚBLICA—INSCRIPCIÓN—CALIFICACIÓN DEL TÍTULO—INVESTIGACIÓN SOBRE EL ORIGEN DEL PRECIO DE COMPRA.—Comprado un inmueble a favor de un menor y presentada la escritura a inscripción, el registrador carece de facultad para investigar el origen del precio de compra.

2. VENDEDOR Y COMPRADOR—REQUISITOS Y VALIDEZ DEL CONTRATO—PARTES CONTRATANTES—CAPACIDAD—ACEPTACIÓN DEL CONTRATO POR UN PADRE EN REPRESENTACIÓN DE SU HIJO MENOR.—La aceptación por un padre de una escritura de compraventa en representación de su hija natural, asumiendo que ésta sea menor, es legal.

2. VENDEDOR Y COMPRADOR—REQUISITOS Y VALIDEZ DEL CONTRATO—PARTES CONTRATANTES—CAPACIDAD—EN GENERAL.—La falta de comparecer un comprador en forma legal no anula el contrato.

4. RECURSOS GUBERNATIVOS—REVISIÓN—CUESTIONES A CONSIDERAR Y RESOLVER.—Dentro de los límites de un recurso gubernativo no puede considerarse la conjetura del registrador de que se trata de una donación y no de una venta cuando el contrato es, *prima facie,* uno de compraventa.

NOTA de *Pedro Gómez Lasserre,* R., (Mayagüez), denegando inscripción de una compraventa. *Revocada.*

*Angel A. Vázquez,* abogado del recurrente; *El Registrador recurrido* compareció por escrito.

EL JUEZ ASOCIADO SEÑOR FRANCO SOTO, emitió la opinión del tribunal.

Por escritura pública otorgada en agosto 20, 1892, Félix Antonio González compró a Agustín Castelló y Busquets,

para su hija natural, Dolores Torres, cierta finca rústica, pagando el precio de $600 que el vendedor dejó en poder de González en pago y saldo de su crédito contra la sociedad de Patxot Castelló y Compañía. Presentada al registro la escritura, el registrador denegó la inscripción por los motivos que en síntesis dicen así: porque el precio de $600 invertido en la compra de la finca se realizó con caudal del padre, y de acuerdo con el artículo 161 del Código Civil Revisado la propiedad y el usufructo de la finca pertenece a González y no a su hija Dolores Torres.

Porque aceptando González la escritura en representación de su hija natural, no acredita que esté autorizado para ello como mandatario verbal o con poder suficiente, y que presumiéndose, además, la hija menor de edad por no constar su edad, es nulo el contrato.

Y porque asimismo es nulo el contrato por tratarse de una donación y ésta no ha sido aceptada en forma legal.

[1] La nota del registrador en sus distintos puntos es equivocada. En el caso de *Fuentes* v. *El Registrador,* 24 D.P.R. 619, se trató por el registrador de que se dejara establecida la procedencia del dinero invertido en la compra de un inmueble a favor de unos menores. Esta corte decidió, en resumen, que la cuestión era más bien para ser determinada por los tribunales y que el registrador carecía de facultad para investigar el origen del dinero.

El registrador parece no haberse fijado en este caso y al establecer el origen del precio de compra y satisfacer el contrato él resuelve una cuestión de la competencia exclusiva de los tribunales. Manresa, comentando los artículos 160 y 161 del Código Civil español, que equivalen textualmente a los mismos números del Código Civil Revisado, sostiene lo ya establecido por esta corte, diciendo: "De suerte que, generalizado dicho principio para que al hijo se le reconozcan derechos, es necesario, en caso de litigio, que pruebe que le corresponden." Tomo 1, pág. 345.

[2, 3] En cuanto a la representación que ostenta el pa-

dre a nombre de la hija, asumiendo que fuera menor de edad, es enteramente legal. Véase el mismo caso de Fuentes, *supra*. Y si como supone en forma alternativa el registrador que Dolores Torres fuera mayor de edad, el contrato es válido, pues la falta de comparecer un comprador en forma legal no anula el contrato, y sólo sería un defecto subsanable. *Colón* v. *El Registrador,* 18 D.P.R. 125.

[4] Del mismo modo carece de fundamento el último motivo que se alega bajo la conjetura de que se trata de una donación y no de una venta. *Prima facie* el contrato es uno de compraventa y siendo ello así, no podemos considerar la conjetura del registrador dentro de los límites de este recurso.

Por todo lo expuesto, *debe revocarse la nota del registrador en todos sus particulares* y ordenarse la inscripción solicitada.