FUENTES, RECURRENTE, *v.* EL REGISTRADOR DE SAN JUAN, SECCIÓN PRIMERA, RECURRIDO.

RECURSO gubernativo contra nota del Registrador de la Propiedad de San Juan, Sección Primera, denegando en parte la inscripción de una declaratoria de heredero.

No. 411.—Resuelto en julio 7, 1919.

EXPEDIENTE POSESORIO PROMOVIDO POR UNO DE LOS CÓNYUGES—BIENES PRIVATIVOS—BIENES GANANCIALES.—El hecho de que el esposo compareciera en la información posesoria haciendo constar que la finca objeto de la misma era de la exclusiva propiedad de su esposa la promovente del expediente, no es bastante por sí solo para destruir la presunción de que el inmueble, habiendo sido adquirido en constante matrimonio de ambos esposos, tenía carácter de bien ganancial.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. C. García de la Noceda.*

El Registrador recurrido, Sr. Rafael Tirado Verrier, compareció por escrito en nombre propio.

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

Pablo Fuentes, como heredero de Higinia Fuentes presentó una declaratoria de heredero al Registrador de la Propiedad de San Juan, Sección Primera, para acreditar su título como tal heredero a determinada propiedad radicada en Loíza. El registrador inscribió dicha declaratoria en tanto afectaba al derecho de Higinia Fuentes a su participación en la propiedad que se presumía ser ganancial, pero denegó la inscripción en cuanto afectaba a las participaciones de su esposo que asimismo se suponía eran gananciales.

En una fecha anterior y como consecuencia de un expediente posesorio el título fué inscrito a nombre de Higinia Fuentes y durante el curso de aquel procedimiento compareció el marido quien manifestó que la finca era de la exclusiva propiedad de la esposa.

El recurrente pretende establecer una diferencia entre los casos de *Delgado* v. *El Registrador de Caguas*, 22 D. P. R. 125 y el de *Crehore* v. *El Registrador de Guayama*, 25 D. P. R. 759, pero sin éxito. En el primero de estos casos dijimos:

"La regla tercera del artículo 391 de la Ley Hipotecaria al tratar de las declaraciones de los testigos en un expediente posesorio, prescribe lo siguiente:

" 'Artículo 391.   *   *   *

" '*Tercera.*  Los testigos justificarán tener las cualidades expresadas en la anterior regla, presentando los documentos que las acrediten.

" 'Contraerán sus declaraciones al hecho de poseer los bienes en nombre propio el que promueva el expediente y al tiempo que haya durado la posesión, y serán responsables de los perjuicios que puedan causar con la inexactitud de sus deposiciones.'

"El recurrente sostiene que este artículo no limita la declaración de los testigos a la simple manifestación del hecho de la posesión del promovente, pero entendemos que sí la limita. El objeto del procedimiento es sencillamente el de acreditar el título posesorio del peticionario. La presunción de que los bienes adquiridos durante

el matrimonio son gananciales no puede ser contradicha en un procedimiento en el cual no es parte la esposa y en que el fin manifiesto es establecer la posesión.   Dicha posesión puede ser declarada a favor de uno u otro de los esposos, bien que los bienes sean gananciales o privativos.   La jurisdicción del juez no va más allá de la declaración del título posesorio.   La acción de un peticionario en lo que respecta a los derechos del otro esposo constituye *res inter alios acta* y no puede tener efecto obligatorio.   No existe examen de repreguntas a los testigos y la mente del juez está fija solamente en la prueba de la posesión.   La cuestión referente al carácter privativo de la finca no fué ni pudo ser sometida a la consideración del juez municipal.   Las declaraciones de los testigos de tal modo prestadas no tienen valor alguno como prueba de si los bienes son gananciales o privativos de uno de los cónyuges de acuerdo con la Ley Hipotecaria. Los casos de *Després* v. *El Registrador,* 14 D. P. R. 621, y *Boscio* v. *El Registrador,* 14 D. P. R. 624, citados por el registrador, sostienen estas conclusiones.''

La comparecencia del marido no establece diferencia como se indica en las referidas opiniones.   El expediente posesorio es solamente para acreditar la posesión en el sentido de propiedad.   La naturaleza de su título como entre esposo y esposa no puede ser determinada en tal procedimiento *ex parte*.   No está envuelta la cuestión de bienes gananciales *vel non*, sino como con frecuencia hemos dicho, el derecho de posesión en concepto de dueño.   Tal posesión pertenece a uno o a ambos esposos y no se exige una prueba tan rigurosa como la que es necesaria cuando ha de establecerse la propiedad privativa entre los esposos.   La declaración de posesión hecha por el juez municipal a favor del esposo o de la esposa en particular no destruye la presunción de ganancial que lleva consigo la propiedad adquirida durante el matrimonio como lo determina el artículo 1322 del Código Civil.

La nota recurrida debe ser confirmada.

*Confirmada la nota recurrida.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.