Usera, Recurrente, *v.* El Registrador de San Juan, Recurrido.

Recurso gubernativo contra nota del Registrador de la Propiedad de San Juan, Sección Primera, denegando la inscripción de una escritura de hipoteca.

No. 532.—Resuelto en julio 27, 1922.

Bienes Privativos—Bienes Gananciales—Prueba de Ser Privativos los Bienes.—Es inscribible como bien privativo de la esposa una hipoteca constituída a favor de ésta, cuando del registro resulta comprobada la alegación que a tal fin hace la esposa en la escritura de hipoteca respecto a que el importe del préstamo procede del producto de las ventas de las distintas segregaciones que se han hecho de sus fincas inscritas como bienes privativos.

Los hechos están expresados en la opinión.

Abogado de la recurrente: *Sr. J. Hernández Usera.*

El registrador recurrido compareció por escrito.

El Juez Presidente Sr. del Toro, emitió la opinión del tribunal.

Presentada para su inscripción como bien privativo en el

Registro de la Propiedad de San Juan cierta escritura de hipoteca otorgada a favor de doña Angela Usera de Hernández, el registrador la inscribió como bien ganancial, y no conforme la interesada, interpuso contra dicha calificación el presente recurso gubernativo. La nota recurrida dice así:

"Inscrito el precedente documento con vista del poder, considerando el crédito hipotecario como un bien ganancial, al folio 89 vuelto del tomo 68 de Santurce Norte, finca número 3549, inscripción 3ª.; y denegada la inscripción en cuanto respecta al carácter privativo que se dice tiene, porque ese crédito, con arreglo al artículo 1322 del Código Civil debe presumirse ganancial mientras no se pruebe lo contrario, entendiéndose como parte de la prueba que dicho artículo requiere, la manifestación del cónyuge a quien haya de perjudicar, y el apoderado en este caso carece de facultades expresas para hacer tal declaración de carácter privativo en contra de la presunción de gananciales que existe a favor de D. José Conrado Hernández, esposo de la acreedora, habiéndose tomado en su lugar anotación preventiva por el término legal en el mismo asiento."

Sostiene la recurrente que del propio documento y del registro consta el carácter privativo de la hipoteca, y que, si ello fuere necesario, del poder que se acompañó resulta la facultad del apoderado para dar el consentimiento requerido por el registrador.

La cláusula de la hipoteca que se refiere al origen del dinero prestado garantido por la misma, dice así:

"La señora Usera de Hernández con la aceptación de su esposo representado por el señor Hernández Usera, hace constar que el importe de este préstamo procede del producto de las ventas de las distintas segregaciones que se han hecho de sus fincas privativas, inscritas al folio cuarenta y dos del tomo dos de la sección de Santurce norte, finca número cincuenta, inscripción primera, y de la inscrita al folio ciento doce del tomo undécimo de la sección norte de Santurce, finca número cuatrocientos cincuenta y ocho triplicado, inscripción décima quinta, y por tanto es su deseo que esta hipoteca se inscriba a favor de ella como bien privativo de la misma."

Y del registro resulta que de las dos fincas privativas

que se mencionan en la cláusula, se han hecho once segregaciones que se vendieron como solares por un precio que en junto asciende a \$31,353.33, y resulta además que se han inscrito como bienes privativos de la recurrente, con el consentimiento de su esposo, siete hipotecas por valor de \$21,000, habiéndose hecho constar el origen del dinero en la misma forma que en la escritura a que se refiere este recurso.

Galindo en sus Comentarios a la Legislación Hipotecaria, dice:

"La doctrina contenida en estas resoluciones es aplicable al caso de comprar un marido a nombre y a favor de su mujer, declarando que lo hacía con dinero de ella, pero sin probarlo. Difícil será en muchos casos esa prueba; y no es posible dar una regla general para determinar cuál sea la que ha de tener por bastante el registrador.

"Como tal estimaríamos nosotros acreditar con la correspondiente escritura, que procedente de herencia se la había adjudicado cierta cantidad, o que era dueña de ésta por ventas que hubiese hecho. Cierto que puede haberse empleado esa cantidad en otra cosa, o retenerla la mujer, y que en rigor sea del marido el dinero invertido en la compra; pero todo eso son hipótesis que se refieren a un orden tan íntimo en el seno de la familia, que no es dado establecerlas como base de la calificación del registrador." 1 Galindo, Legislación Hipotecaria, pág. 342.

Y glosando Manresa el artículo 1396 del Código Civil Antiguo, igual al 1314 del Código Civil Revisado, se expresa así:

"Durante el matrimonio no es lo más natural que los bienes aportados o adquiridos se conserven siempre los mismos. Unos se consumen, otros se cambian o se venden, otros se extinguen y se sustituyen por una indemnización, etc., y todos estos hechos dan lugar a una transformación en los bienes de cada cónyuge, que van en parte y sucesivamente cambiándose o sustituyéndose por otros.

"Nuestro código acepta en absoluto el principio de la subrogación, de modo que, en principio, todo lo que durante el matrimonio adquieren privativamente el marido o la mujer, en sustitución o representación de otros bienes que ya anteriormente les pertenecían,

queda subrogado en el lugar de estos, y se entiende que formà parte de su capital privativo. La ley sólo exige la prueba de la verdad de esa sustitución, o que ésta resulta cierta con toda evidencia. En caso de duda, considera los bienes como gananciales. (Art. 1407.)'' 9 Manresa, Comentarios al Código Civil, pág. 558.

Véase además el caso de *La Sociedad Protectora de Niños* v. *Registrador de San Juan,* 29 D. P. R. 974, que contiene un amplio estudio sobre la cuestión fundamental envuelta en este asunto.

Siendo esos los hechos y la ley, es necesario concluir que resulta justificado en este caso el origen privativo del dinero prestado, y por tanto que no es absolutamente necesario el consentimiento expreso del otro cónyuge para inscribir la hipoteca constituída para garantir el préstamo, como un bien privativo, motivo por el cual es innecesario estudiar y resolver si el poder era o no suficiente.

Debe revocarse la nota recurrida y ordenarse la inscripción en la forma solicitada.

> *Revocada la nota recurrida y ordenada la inscripción solicitada.*

Jueces concurrentes: Sres. Asociados Aldrey, Hutchison y Franco Soto.

El Juez Asociado Sr. Wolf no intervino en la resolución de este caso.