GUILLERMINA ALUM PÉREZ, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD de ARECIBO, recurrido.

No. 699.—*Sometido:* Enero 9, 1928. *Resuelto:* Marzo 20, 1928.

1. MARIDO Y MUJER—BIENES (DE LA SOCIEDAD LEGAL) DE GANANCIALES—CARÁCTER DE LOS BIENES ADQUIRIDOS POR LOS CÓNYUGES—PRESUNCIÓN Y PESO DE LA PRUEBA.—La presunción que surge a favor de la sociedad legal de gananciales del hecho de adquirir durante el matrimonio puede ser rebatida mediante prueba de hechos inconsistentes con ella, recayendo el peso de la prueba sobre la parte que afirma que los bienes le corresponden privativamente.

2. MARIDO Y MUJER—BIENES (DE LA SOCIEDAD LEGAL) DE GANANCIALES—CARÁCTER DE LOS BIENES ADQUIRIDOS POR LOS CÓNYUGES—PRESUNCIÓN DE GANANCIALES—DESTRUCCIÓN *(Rebuttal)* DE LA PRESUNCIÓN.—Una escritura de traspaso directamente a favor de una esposa por dinero pagado por ella al vendedor en presencia del notario, junto con manifestaciones sobre la intención de la compradora y la forma en que obtuvo el dinero, suplementados por hechos extrínsecos que ya constan del registro, son suficientes para destruir la presunción de gananciales respecto a los bienes adquiridos por compra durante el matrimonio, así como para establecer un caso *prima facie* de bien privativo de la esposa.

NOTA de *William J. Santos,* R. (Arecibo), inscribiendo contrato de compraventa con el defecto subsanable de no acreditarse que el dinero invertido en la compra fuera privativo de la adquirente. *Revocada.*

*Gustavo Zeno Sama,* abogado del recurrente; el registrador recurrido no compareció.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

El día 3 de noviembre de 1927 doña Guillermina Alum

Pérez, señora casada, pagó $2,400 en efectivo ante un notario por un condominio pro indiviso en cierta finca urbana.

En la escritura de enajenación la compradora expresamente manifiesta que el dinero de la compra procedía de una venta efectuada por ella en 23 de diciembre de 1925 de la participación hereditaria que ella tenía en otra propiedad que se identifica, haciéndose la descripción, mencionándose el nombre del notario ante quien se otorgó tal escritura anterior de enajenación y haciéndose referencia a la página y al tomo del registro en que tal documento consta inscrito. La compradora además manifiesta en la escritura que estos hechos son conocidos personalmente por los testigos comparecientes, y un certificado expedido por el registrador de la propiedad no deja lugar a dudas respecto a la enajenación anterior de la finca como bien privativo.

[1, 2] Doña Guillermina Alum Pérez apela de una resolución adversa del registrador por haberse dejado de demostrar suficientemente que el dinero primeramente mencionado sea privativo de ella.

En el presente caso la suma de $2,400 era aproximadamente la tercera parte del producido de la venta anterior. La escritura no contiene cláusula de *habendum* y no hay nada que indique una limitación expresa del traspaso. Sin embargo, considerado el documento en su totalidad, es lógico hacer la inferencia de que el vendedor tenía la intención de enajenar una mitad pro indivisa de su interés en cierta finca a la compradora, como propiedad privativa de ésta. Además, la intención por parte de la compradora de adquirir el interés en cuestión con carácter privativo y hacer que así se inscribiera en el registro de la propiedad, se expone en términos que no dan lugar a dudas.

"La presunción que surge a favor de la comunidad del hecho de adquirir durante el matrimonio, es una parte esencial de la jurisprudencia del sistema de gananciales. A veces el estatuto la declara expresamente o toma la forma de una definición estatutoria de bienes gananciales, definición que, a no ser mejorada por interpreta-

ción judicial, haría que la misma fuera concluyente, convirtiéndola en una regla de propiedad en vez de una mera presunción, y esto independientemente de si el dinero pagado pertenece a la sociedad de gananciales o a uno de los cónyuges privativamente. Pero en todas partes es una presunción *prima facie* y puede ser refutada mediante prueba de hechos inconsistentes con ella, recayendo el peso de la prueba sobre la parte que afirma que los bienes pertenecen privativamente a uno de los cónyuges." 31 C. J. 50, párrafo 1142.

"Al hacer énfasis sobre la necesidad de destruir la presunción que surge en favor de la comunidad a fin de establecer el carácter privativo, las cortes, especialmente en los casos más antiguos, fre-cuentemente se han expresado en términos que indican que se re-quiere considerablemente más de la preponderancia de la prueba que generalmente es suficiente para establecer la afirmativa de una cues-tión en controversia.

"Pero en otros casos, especialmente los más recientes, el lenguaje usado, como por ejemplo, que la prueba debe ser 'satisfactoria,' u otras expresiones por el estilo, parece indicar que la controversia de si los bienes pertenecen privativamente a uno de los cónyuges o a la sociedad de gananciales se determinará en la misma forma que otras controversias mediante la preponderancia de la prueba, y así se ha resuelto expresamente." *Id.* 52, párrafo 1144.

Los artículos 1314, 1316 y 1322 de nuestro Código Civil leen como sigue:

"Artículo 1314. Son bienes propios de cada uno de los cónyu-yes:

"1. Los que aporte al matrimonio como de su pertenencia.

"2. Los que adquiera durante él, por título lucrativo, sea por donación, legado, o herencia.

"3. Los adquiridos por derecho de retracto o por permuta con otros bienes, pertenecientes a uno solo de los cónyuges.

"4. Los comprados con dinero exclusivo de la mujer o del marido."

"Artículo 1316. Son bienes gananciales:

"1. Los adquiridos por título oneroso durante el matrimonio a costa del caudal común, bien se haga la adquisición para la comunidad, bien para uno solo de los esposos.

"2. Los obtenidos por la industria, sueldo o trabajo de los cónyuges o de cualquiera de ellos.

"3. Los frutos, rentas o intereses percibidos o devengados du-

rante el matrimonio, procedentes de los bienes comunes o de los peculiares de cada uno de los cónyuges.''

''Artículo 1322. Se reputan gananciales todos los bienes del matrimonio, mientras no se pruebe que pertenecen privativamente al marido o a la mujer.''

Según se indica en el caso de *Vázquez* v. *P. R. Ry. L. & P. Co.,* 35 D.P.R. 62, la definición de nuestro código, distinta a casi todas las de otras jurisdicciones, no reputa como  gananciales todas las adquisiciones hechas durante el matrimonio ''que no sean las específicamente designadas como bienes privativos.'' Véase además el extracto del tomo 9 de Manresa, 578 a 580, citado con aprobación en el caso de *Vázquez.* También es evidente que la presunción que surge a favor de la comunidad de bienes del hecho de adquirirse bienes durante el matrimonio en esta jurisdicción, no toma la forma de una disposición estatutoria ''que a no ser mejorada por interpretación judicial, haría que la misma fuera, concluyente, convirtiéndola en una regla de propiedad en vez de una mera presunción, y esto independientemente de si el dinero pagado pertenece a la sociedad de gananciales o a uno de los cónyuges privativamente.''

El caso de *Usera* v. *El Registrador de San Juan,* 31 D. P.R. 89, es autoridad para la proposición, citando del sumario, de que:

''Es inscribible como bien privativo de la esposa una hipoteca constituida a favor de ésta, cuando del registro resulta comprobada la alegación que a tal fin hace la esposa en la escritura de hipoteca respecto  a que el importe del préstamo procede del producto de las ventas de las distintas segregaciones que se han hecho de sus fincas inscritas como bienes privativos.''

Véase además el caso de *Sociedad Protectora de Niños* v. *El Registrador de San Juan,* 29 D.P.R. 974, citado con aprobación en el de *Usera.*

Por tanto, en el presente caso la escritura de traspaso directamente a favor de la esposa por dinero pagado por ella al vendedor en presencia del notario, junto con las ma-

nifestaciones sobre la intención de la compradora y la forma en·que se obtuvo, el dinero, suplementados por los hechos extrínsecos arriba mencionados, que ya constaban en el registro, son suficientes para destruir la presunción estatutoria existente a favor de la sociedad de gananciales respecto a los bienes adquiridos por compra durante el matrimonio, así como para establecer un caso *prima facie* de bien privativo de la esposa.

*Debe revocarse la nota recurrida.*