JUANA, FAUSTO y RAMONA RUCABADO Y VÁZQUEZ, e ISABEL GARCÍA DE QUEVEDO Y RUCABADO, recurrentes, *v.* EL REGISTRADOR DE LA PROPIEDAD DE SAN JUAN, SECCIÓN PRIMERA, recurrido.

Núm. 977.—*Sometido:* Julio 10, 1936. *Resuelto:* Julio 14, 1936.

*Monserrat & Monserrat,* abogados de los recurrentes; el registrador
recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR TRAVIESO, emitió la opinión del
tribunal.

Los recurrentes fueron declarados únicos y universales
herederos de doña Mercedes Rucabado y Vázquez, quien fa-
lleció el día 2 de. mayo de 1935, siendo viuda del doctor José
Chacar Parladé, fallecido el 9 de enero de 1925.

Durante su matrimonio con el Dr. Chacar, la causante ad-
quirió a su nombre dos fincas urbanas, una consistente en
casa y solar de 311.37 metros cuadrados y la otra en solar
de 692.63 metros cuadrados, ambas radicadas en el barrio de
Miramar en Santurce.

En 9 de junio de 1936, los recurrentes solicitaron del re-
gistrador recurrido la inscripción a su favor de las dos fincas
que aparecían inscitas a nombre de la causante. Y en apoyo
de su contención de que las dos fincas habían sido adquiridas
con peculio propio y privativo de doña Mercedes Rucabado
y Vázquez y que por tanto pertenecían en su totalidad a los
herederos recurrentes, presentaron éstos una copia legalizada
del testamento abierto del Dr. Chacar, otorgado el 25 de fe-
brero de 1914, ante el Notario Luis Muñoz Morales, cuya
cláusula quinta lee así:

"QUINTO.—Que hacia el año mil novecientos siete la actual esposa
del compareciente, doña Mercedes Rucabado Vázquez, adquirió por
herencia de su padre don Francisco Rucabado, la cantidad de diez
mil dollars que le fué adjudicada en efectivo, según consta en las
operaciones de aquella testamentaría; y con ese dinero ha adquirido
su esposa un solar marcado con el número ciento cincuenta de la
manzana (D) de la finca llamada 'Miramar' del barrio de Santurce
de este término municipal, y sobre cuyo solar edificó luego dos casas,

una de maderas y la otra de cemento, según resulta de las escrituras otorgadas a su favor por doña Avelina Alvarez Colón, don Pedro Falú y don Tomás Vázquez ante el notario don Damián Monserrat en veintisiete de febrero de mil novecientos nueve, veinte y nueve de julio de mil novecientos nueve, y ocho de febrero de mil novecientos once, respectivamente, y que figuran inscritas en el Registro de la Propiedad de esta Ciudad.

"Que durante este matrimonio no se han adquirido bienes ningunos a título oneroso por ninguno de los dos cónyuges, y, por tanto no existen gananciales.

"Que con las rentas del capital de la esposa y con el producto del trabajo del testador se han atendido a todos los gastos de la sociedad conyugal, y a los del hijo del testador don Jaime, que vive en su compañía.''

En 19 de junio de 1936, el registrador recurrido denegó la inscripción solicitada, en cuanto a la mitad de las dos mencionadas fincas, poniendo al pie de la solicitud la siguiente nota:

"INSCRITO este documento, con vista de otros, y por ellos, a favor de los herederos en él declarados, sin perjuicio de tercero, la mitad indivisa que por gananciales correspondía a la causante en un solar de 311.37 metros cuadrados, con casa, en la Avenida Miramar, Santurce Sur, y en otro solar de 589 metros cuadrados, con casa, en la misma Avenida, y en cuanto a una participación de $510.20 en el valor de $12,000.00 de la totalidad de la casa número 62 de la calle de la Luna, de esta Ciudad, a los folios 88, 223 y 220, tomos 8 y 5 de Santurce Sur y 106 de esta Capital, fincas números 318, 198 y 1200, inscripciones 2a., 4a. y 9a., respectivamente; habiéndose denegado en cuanto a la otra mitad de las otras dos primeras fincas citadas, por pertenecer la totalidad de las mismas a los cónyuges Mercedes Rucabado Vázquez y José Chacar Parladé, por título oneroso, sin que se haya acreditado el carácter de privativo con que se dice las adquirió dicha Mercedes Rucabado Vázquez, extendiendo, en su lugar, anotación preventiva legal de 120 días, a favor de dichos herederos, en las propias inscripciones 2a. y 4a. expresadas.''

Sostienen los recurrentes que el registrador incurrió en error al no considerar como prueba suficiente la copia del testamento del Dr. Chacar, en el que éste hace constar de una

manera clara y terminante que las dos fincas fueron adquiridas como bienes privativos de su esposa.

En defensa de su nota, alega el registrador recurrido que las dos fincas fueron adquiridas, como bienes de la sociedad conyugal, estando la adquirente casada con el Dr. Chacar, sin que al hacer la adquisición se hiciera mención alguna de que eran propiedad privativa de la esposa adquirente; que según el propio testamento presentado, el testador Dr. Chacar declaró por su único y universal hederero a su hijo Jaime Chacar Roses, habido en su primer matrimonio con doña María Ana Rosa Roses y Font; que se denegó la inscripción de una mitad de las fincas, por pertenecer éstas a ambos cónyuges, a título oneroso, sin que se acreditara el carácter privativo de su adquisición; que con posterioridad a la muerte de ambos cónyuges no se ha llevado a efecto acto alguno en que haya intervenido el heredero del doctor Chacar, para ratificar lo dicho por su padre en su testamento; y que es su opinión que las manifestaciones del esposo testador deben ser corroboradas y debidamente acreditadas en el registro, lo que no se ha hecho en el caso de autos.

Nuestro Código Civil, ed. de 1930, contiene las siguientes disposiciones:

"Artículo 1301.—Son bienes gananciales:

"1.—Los adquiridos por título oneroso durante el matrimonio a costa del caudal común, bien se haga la adquisición para la comunidad, bien para uno solo de los esposos.

"2.— .     .     .     .     .     .     .     .

"3.— .     .     .     .     .     .     .     .

"Artículo 1307.—Se reputan gananciales todos los bienes del matrimonio, mientras no se pruebe que pertenecen privativamente al marido o a la mujer."

Según las constancias del Registro, las fincas pertenecían a ambos cónyuges, por título oneroso. No aparece del registro que se hiciera mención del alegado hecho de que las fincas fueran adquiridas por la esposa a título lucrativo. Los recurrentes trataron de controvertir la presunción que esta-

blece el artículo 1307 del Código Civil, supra, con las manifestaciones hechas por el esposo en su testamento, al efecto de que las fincas habían sido adquiridas por su esposa con su propio peculio.

Las declaraciones de la cláusula Quinta del testamento, supra, consideradas como admisiones en contra del interés del que las hace, son admisibles como un principio de prueba, pero como ellas pueden perjudicar a los herederos o acreedores del que las hiciera, sostenemos que deben ser corroboradas por otra evidencia o ratificadas por los interesados para que ellas puedan servir de base para la trasmisión del dominio de la otra mitad de las fincas. Véanse: Manresa, vol. 9, págs. 614–620; *Feliú* v. *Registrador,* 16 D.P.R. 766; *Fuentes* v. *Registrador,* 27 D.P.R. 596; *Flores* v. *Registrador,* 31 D.P.R. 125, y *Alum* v. *Registrador,* 37 D.P.R. 894.

*Debe confirmarse la nota recurrida.*

El Juez Asociado Señor Córdova Dávila no intervino.