## Acosta, Recurrente, *v.* El Registrador de Caguas, Recurrido.

Recurso gubernativo contra nota del Registrador de la Propiedad de Caguas inscribiendo con defecto subsanable una escritura de compraventa.

No. 405.—Resuelto en marzo 21, 1919.

Bienes Gananciales—Bienes Privativos—Prueba.—Cuando el marido o la mujer tratan de inscribir bienes inmuebles como de la propiedad exclusiva de uno o de otra es de rigurosa aplicación el precepto contenido en el artículo 1322 del Código Civil el cual expresa que "se reputan gananciales todos los bienes del matrimonio mientras no se pruebe que pertenecen privativamente al marido o a la mujer." Para acreditar tal carácter privativo no es bastante la manifestación afirmativa que hagan ambos esposos en una escritura pública.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. Andrés Mena.*

El Registrador recurrido, Sr. Pedro Gómez Lasserre, no compareció.

El Juez Presidente Sr. Hernández emitió la opinión del tribunal.

Por escritura pública otorgada en 31 de enero de 1919 en la ciudad de Caguas ante el notario Andrés Mena Latorre, Etervina Fragoso, viuda de Lisardi, vendió a María Susana Delgado asistida de su esposo Pacífico Acosta, una casa de maderas techada de zinc radicada en la calle Campio Alonso de dicha ciudad por precio de $725. En dicha escritura hicieron constar los esposos Acosta–Delgado, para que así constara también en el registro de la propiedad, que la casa comprada pertenecía privativamente a la esposa María Susana Delgado porque el precio satisfecho procedía del importe de la venta de la mitad de una casa que aquélla heredó de su difunta madre y de la mitad de las rentas de otra casa que la expresada señora adquirió por donación que le hicieron sus padres José Monserrate Delgado y Patricia López.

Presentada dicha escritura para su inscripción en el Registro de la Propiedad de Caguas, el registrador la inscribió

en 7 de febrero de 1919 con el defecto subsanable de no acreditarse que el dinero invertido por María Susana Delgado en la compra fuera de la exclusiva pertenencia de dicha señora.

Esa nota está sometida a nuestra consideración a virtud de recurso gubernativo contra ella interpuesto en cuanto al defecto subsanable apuntado.

La nota recurrida se ajusta a derecho.

El artículo 1322 del Código Civil establece que "se reputan gananciales todos los bienes del matrimonio mientras no se pruebe que pertenecen privativamente al marido o a la mujer"; y de ahí que cuando el marido o la mujer tratan de inscribir bienes inmuebles como de la propiedad exclusiva de uno o de otro es de rigurosa aplicación el precepto transcrito. *Igartúa* v. *El Registrador de la Propiedad,* 21 D. P. R. 47, y *Batista* v. *El Registrador de la Propiedad,* 21 D. P. R. 84.

La prueba exigida por el Código no ha de consistir en la conformidad que conjuntamente manifiesten los esposos de que el bien pertenece exclusivamente a cualquiera de ellos. *Feliú et al.* v. *El Registrador de la Propiedad,* 16 D. P. R. 766. Y si tampoco son admitidas declaraciones juradas (*affidavits*) para acreditar el carácter privativo de esa propiedad, *Brac* v. *El Registrador de San Juan,* 23 D. P. R. 749, con mayoría de razón no pueden ser bastantes a ese fin las manifestaciones o declaraciones que se hagan en una escritura.

En el presente caso la procedencia del dinero invertido en la compra se hace derivar de la venta de la mitad de una casa perteneciente a la esposa y de las rentas de otra casa que había adquirido por donación; y tal procedencia podía justificarse fácilmente por tratarse de bienes inmuebles sujetos a inscripción en el registro.

Es de confirmarse la nota del registrador en la parte en que ha sido recurrida.

> *Confirmada la nota en la parte en que ha sido recurrida.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.