Sánchez et al., Recurrentes, *v.* Registrador de San Juan, Sección Primera, Recurrido.

Recurso gubernativo interpuesto contra nota del Registrador de la Propiedad de San Juan, Sección Primera, inscribiendo compraventa con defecto subsanable.

No. 464.—Resuelto en junio 25, 1920.

Bienes Gananciales—Bienes Privativos—Admisiones del Esposo.—No presentándose documento auténtico que justifique la época y forma en que la mujer adquiriera el dinero invertido en la compra de la finca, ni otro alguno en que conste su aportación al matrimonio, y no bastando para este efecto las meras declaraciones o afirmaciones que en la escritura se hagan por los mismos otorgantes o por terceras personas, ha de estarse a la presunción jurídica que establece el artículo 1322 del Código Civil revisado, o sea que dichos bienes han de reputarse como gananciales.

Los hechos están expresados en la opinión.

Abogado de los recurrentes: *Sr. M. Tous Soto.*

El registrador recurrido compareció por escrito.

El Juez Presidente Sr. Hernández, emitió la opinión del tribunal.

Por escritura otorgada a seis de abril de 1920 ante notario Manuel Tous Soto, Manuel Vázquez Alayón, con expreso con-

sentimiento de su esposa Carlota Díaz y Díaz, vendió a Isabel Sánchez, casada con Victoriano M. Fernández, una casa y solar pertenecientes a la sociedad de gananciales, por precio de tres mil dólares, de cuya entrega a la compradora dió fé el notario autorizante.    Ante dicho notario comparecieron, además de los consortes Isabel Sánchez y Victoriano M. Fernández, el padre de la primera Pío Sánchez y Martín y manifestaron a una voz, "que don Pío Sánchez y Martín tiene en su poder, en calidad de depósito, la cantidad de tres mil quinientos dollars, compuesta por diversas partidas de dinero que le fué entregando su hija doña Isabel Sánchez de Fernández  *  *  *  durante la soltería de ésta y las que adquirió su dueña con su trabajo y gestión personal durante su mismo estado de soltería, teniendo ese dinero la cualidad de propiedad privativa de doña Isabel, según así reconoce su esposo don Victoriano M. Fernández, y esa cantidad de dinero es entregada en este acto por su depositario don Pío Sánchez y Martín, en monedas de oro, billetes de banco de los Estados Unidos de América a la propietaria doña Isabel Sánchez Fernández, que le otorga la más eficaz y cumplida carta de pago, dándole las gracias por su guarda y custodia." También se hace constar en el mismo documento que la compradora entrega al vendedor los tres mil dólares precio de la venta en los mismos billetes y monedas que le entregó su padre don Pío Sánchez y Martín, los que hace suyos don Manuel Vázquez Alayón, quien a nombre de la sociedad de gananciales de su administración otorga a la compradora la más cumplida y eficaz carta de pago del precio de compra venta, reconociendo el Sr. Fernández la certeza de la forma de pago y la propiedad del dinero con que se realiza y aceptando el carácter privativo a favor de la esposa de la adquisición de la finca urbana de que se trata.

Presentada la escritura en el Registro de la Propiedad de San Juan, Sección Primera, para su inscripción, el registrador la verificó en 13 de abril de 1920, pero con el defecto subsanable de no acreditarse la procedencia del precio.

Esa calificación, en la parte relativa al defecto subsanable apuntado, es la materia del presente recurso.

Tiene razón el registrador. La cuestión legal levantada ha sido ya resuelta por esta Corte Suprema en el caso de *Feliú et al. v. El Registrador de la Propiedad*, 16 D. P. R. 766. Entonces dijimos:

"El artículo 1322 del Código Civil establece que se reputan gananciales todos los bienes del matrimonio mientras no se pruebe que pertenecen privativamente al marido o a la mujer; y en el presente caso no se ha probado que la finca de que se trata pertenezca privativamente a Justina Servera.

Ciertamente que la Servera y su esposo Francisco Feliú afirman en la escritura que la adquisición se hace con peculio propio de la primera; pero tal afirmación no es bastante para que se repute la finca de la exclusiva pertenencia de la esposa. La procedencia del dinero con que se hace la adquisición debe justificarse de modo más fehaciente que por la sola voluntad de los consortes interesados, pues si la mera afirmación de éstos fuera bastante al fin pretendido, resultaría que por la sola voluntad de los particulares se alterarían los derechos que la ley otorga al marido en la sociedad conyugal, se facilitaría a los cónyuges el medio de burlar la prescripción legal que prohibe los contratos entre ellos, y la alegación del marido en una compraventa de que el precio era de su mujer, sería la manera de encubrir una ilícita donación según dice la Dirección General de los Registros en resolución de 30 de junio de 1888."

De la anterior doctrina hicimos aplicación al resolver posteriormente el caso de *Acosta v. El Registrador de la Propiedad de Caguas*, 27 D. P. R. 250.

Ciertamente, en el presente caso hay la especialidad de que comparece Pío Sánchez Martín, padre de Isabel Sánchez, para acreditar la procedencia del dinero entregado como precio de la venta y demostrar que es de la propiedad exclusiva de la compradora como ésta lo afirma y lo confirma su esposo, pero esa circunstancia no favorece la parte recurrente.

Un caso bastante parecido al que consideramos fué resuelto por la Dirección General de los Registros de España

en enero 17 de 1913.   En dicho caso se afirmaba que la mujer había adquirido el dinero con que compraba la finca con su trabajo antes de contraer matrimonio, habiendo comparecido un hermano de ella a entregarle en el acto determinada cantidad que de la misma tenía en depósito.   A pesar de ello la Dirección declaró lo siguiente:

"No presentándose documento auténtico que justifique la época y forma en que la mujer adquiriera el dinero invertido en la compra de la finca, ni otro alguno en que conste su aportación al matrimonio, y no bastando para este efecto las meras declaraciones o afirmaciones que en la escritura se hagan por los mismos otorgantes, o por terceras personas, ha de estarse a la presunción jurídica que establece el artículo 1407 del Código Civil, (1322 del Código Civil Revisado), o sea que dichos bienes han de reputarse como gananciales."

La adquisición hecha por Isabel Sánchez de Fernández no puede reputarse privativamente suya y de ahí la procedencia del defecto subsanable apuntado por el registrador.

Nos abstenemos de resolver otras cuestiones relativas a los efectos legales de las manifestaciones hechas en la escritura por los consortes Isabel Sánchez y Victoriano M. Fernández y por el padre de la primera Pío Sánchez Martín sobre la procedencia y propiedad del dinero con que se hizo la compra, pues para los efectos del recurso nos basta dejar consignado que dichas manifestaciones no destruyen la presunción de bienes gananciales de la casa y solar de cuya inscripción se trata.

Es de confirmarse la nota recurrida.

*Confirmada la nota recurrida.*

Jueces concurrentes: Sres. Asociados del Toro y Aldrey.

El Juez Asociado Sr. Hutchison firmó conforme con la sentencia.

El Juez Asociado Sr. Wolf no intervino en la resolución de este caso.