GONZÁLEZ, RECURRENTE, *v.* EL REGISTRADOR DE CAGUAS, RECURRIDO.

RECURSO gubernativo contra nota del Registrador de la Propiedad de Caguas denegatoria de la inscripción de una escritura de partición de bienes.

No. 489.—Resuelto en julio 20, 1921.

PARTICIÓN DE HERENCIA—COLACIÓN DE BIENES ADQUIRIDOS A COSTA DEL CAUDAL COMÚN—FACULTAD DE LOS HEREDEROS PARA COLACIONAR.—En el presente caso el registrador denegó la inscripción de una escritura de partición por haberse colacionado cierto crédito hipotecario que aparece del registro haber sido adquirido por la viuda e hijos *después del fallecimiento del causante. Se resolvió:* que habiendo convenido la viuda, los interesados mayores de edad y los menores representados por el defensor legal designado por el testador y nombrado por la corte, la cual además había aprobado la partición, que el crédito fué adquirido con dinero del caudal común, el convenio de colacionar era válido e inscribible la adjudicación del crédito.

ID.—CONTRIBUCIÓN SOBRE HERENCIA—PRUEBA DE EXCEPCIÓN DE PAGO DE CONTRI-

bución sobre Herencia.—Habiendo ocurrido el fallecimiento del testador en 1911 o sea cuando la viuda y los hijos estaban exentos de pagar contribución de herencia, la presentación al registrador de un certificado creditivo de tal exención es innecesaria.

Los hechos están expresados en la opinión.

Abogado de la recurrente: *Sr. F. González.*

El registrador recurrido no compareció.

El Juez Asociado Sr. Hutchison, emitió la opinión del tribunal.

El registrador de la propiedad se negó a inscribir una escritura de partición de bienes en lo que respecta a cierta adjudicación hecha en dicha escritura, por los motivos que a continuación transcribimos:

"Denegada la inscripción del precedente documento, con vista de otros y en cuanto al crédito de $2,500 adjudicado a doña Asunción González viuda de Dueño, único de que se solicita inscripción por los defectos siguientes: Primero: que aunque en el presente documento, se dice que el crédito que se pretende inscribir fué adquirido con dinero del caudal común, del registro aparece inscrito a favor de doña Asunción González y Rosado ya en estado de viudez y de sus hijos Ana María, Rafael Agustín, María Práxedes, Asunción Magdalena, Angel Manuel y José Agustín Dueño y González, entendiendo por consiguiente que el crédito de referencia no es un bien susceptible de colación en la herencia dejada al óbito del causante don Manuel Dueño Figueroa; Segundo: que el testamento número 77, otorgado por don Agustín Dueño Figueroa, ante el notario don Carlos M. Rola, en Río Grande a 14 de abril de 1910, que se acompaña, es un instrumento nulo *per se* toda vez que del texto del mismo no se desprende que los testigos vean y entiendan al testador de acuerdo con el artículo 703 del Código Civil Revisado, y Tercero: que no se ha acreditado haberse pagado la contribución de herencia en armonía con lo preceptuado en el artículo 369 del Código Político."

En la escritura de partición se convino por todos los interesados que el crédito hipotecario en cuestión, aunque fué constituído e inscrito a nombre de la viuda y sus hijos, en realidad representaba una inversión con dinero del caudal común. En lo que respecta a la viuda esta fué una admi-

sión contra su interés y podía propiamente hacerla. Los menores estuvieron representados por un defensor legal nombrado por la corte quien a la vez había sido designado por el testador en su testamento para representar a los hijos en y fuera de la corte en caso de haber intereses encontrados. La corte también aprobó la partición como fué hecha, lo que parece completamente justo y razonable. Dentro de las circunstancias se nos hace algo imposible comprender por virtud de qué teoría el registrador, que no ha presentado alegato, llegó a la conclusión de que el crédito no era susceptible de ser colacionado. Una cuestión algo semejante fué considerada y resuelta en sentido contrario a una alegación parecida en el caso de *Irizarry* v. *El Registrador,* 22 D. P. R. 94.

El testamento por su faz indica haberse otorgado a presencia de los testigos, y en ausencia de algo que demuestre que dichos testigos eran ciegos y sordos o que no podían entender, es lógico suponer que ellos "vieron y entendieron" al testador. De todos modos, el nacimiento de otros hijos con posterioridad a la fecha del otorgamiento del testamento dió origen, después del fallecimiento del testador, a un procedimiento sobre declaratoria de herederos y el documento citado en último término había sido presentado al registrador. El testamento no contenía legados ni mejoras sino que dejaba la propiedad para que fuera distribuída porción por porción lo mismo que cuando se distribuye por virtud de un decreto judicial sin testamento, y dentro de las circunstancias cualquier defecto de forma o técnico en dicho testamento de no haber sido subsanado por el decreto, es cuestión de poca o ninguna importancia práctica. Véase la resolución de la Dirección General de los Registros de mayo 26, 1899, Odriozola, página 1082.

El testador falleció en el año 1911 cuando la viuda y los hijos estaban exentos de pagar contribución de herencia. La

presentación de un certificado creditivo de tal exención no era necesaria. *Rovira* v. *El Registrador,* 21 D. P. R. 415.

La nota recurrida debe ser revocada.

> *Revocada la nota recurrida y ordenada la inscripción.*

Jueces concurrentes: Sres Presidente Hernández y Asociados Wolf, del Toro y Aldrey.