CARMEN DE LA TORRE MARRERO y HONORIO C. ARCHILLA, recurrentes, *v.* EL REGISTRADOR DE SAN JUAN, Distrito Segundo, recurrido.

No. 608.—*Sometido:* Febrero 7, 1925. *Resuelto:* Abril 28, 1925.

1. MARIDO Y MUJER—BIENES PRIVATIVOS DE LA ESPOSA—PROPIEDAD COMPRADA CON DINERO PERTENECIENTE A LA ESPOSA.—En una escritura de compra se hace constar que la adquirente había constituído una sociedad que, a su matrimonio, fué disuelta y nunca liquidada; en ella tiene lugar la liquidación, y el dinero obtenido es pagado como precio de compra y así lo certifica el notario; el esposo muestra su conformidad y la socia anterior, también parte en la escritura, certifica en cuanto a los hechos. *Se resolvió:* que acreditado así el carácter particular del precio, la propiedad es inscribible como bien privativo de la esposa.

NOTA de *Benedicto,* R. San Juan (Segundo Distrito), inscribiendo venta con defecto subsanable de no acreditarse la procedencia del dinero invertido. *Revocada.*

*V. M. Fernández,* abogado de los recurrentes; el Registrador no compareció.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

[1] En una serie de decisiones esta corte ha resuelto que para probar, a los fines del registro, el carácter privativo de una propiedad, que aparentemente ha sido adquirida a nombre de una persona casada, las manifestaciones hechas por las partes en la escritura no son prueba suficiente. *Acosta* v. *El Registrador de Caguas,* 27 D.P.R. 250, y citas. También hemos resuelto que las manifestaciones de un padre en la escritura misma sin más no son suficientes para acreditar la procedencia del precio de compra como perteneciente a uno de los esposos. *Sánchez* v. *El Registrador de San Juan,* 28 D.P.R. 669. Esto es hasta donde llegan nuestras decisiones.

En el presente caso, sin embargo, consta en la escritura de compra en su favor que antes de ser casada Carmen de la Torre Marrero había constituido una sociedad con Delfina Marrero, sociedad que fué disuelta al ocurrir el matrimonio, pero nunca liquidada. Se hizo que tuviera lugar la liquidación en la misma escritura y el dinero obtenido como resultado de la liquidación fué pagado al vendedor como precio de compra o reservado para el pago de una hipoteca. Así fué certificado por el notario. Además, el esposo muestra su conformidad y Delfina Marrero, la socia anterior, también parte en la escritura, certifica necesariamente en cuanto a los hechos. Bajo las circunstancias expuestas se acredita que el precio de compra es propiedad privativa de Carmen de la Torre Marrero.

*Debe revocarse la nota del registrador y verificarse la inscripción.*