Antonia Cabassa y Texidor, recurrente, *v* El Registrador de la Propiedad de Mayagüez, recurrido.

No. 705.—*Sometido:* Enero 23, 1928. *Resuelto:* Mayo 31, 1928.

252

*J. Alimañy Sosa,* abogado de la recurrente; El Registrador recurrido no compareció.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

Este es un recurso gubernativo en que está envuelta la cuantía de prueba necesaria para destruir la presunción contenida en el artículo 1322 del Código Civil, según el cual se presume que son gananciales los bienes adquiridos por los cónyuges durante el matrimonio. La nota del registrador dice así:

"Denegada la subsanación del defecto subsanable consignado en la primera nota al calce de esta escritura que es la No. 22 otorgada en esta ciudad el 20 de junio de 1924 ante el notario Genaro Altiery como substituto de su compañero Pascasio Fajardo, con vista de la escritura No. 54 en Mayagüez el 9 de marzo de 1926 ante el notario Alfredo Arnaldo Sevilla, y de la No. 37 en Mayagüez el 23 de noviembre de 1916 ante el notario Amadeo Nazario Lugo y un escrito, y extendida en su lugar anotaciones preventivas por término de 120 días a favor de Antonia Cabassa y Texidor por notas al margen de las inscripciones (se enumeran) por la razón siguiente: porque dichos documentos relacionados no constituyen una prueba razonablemente cierta de que el dinero con que se compraron los condominios a que se contrae la primera escritura citada fuera de la propiedad exclusiva de la Sra. Antonia Cabassa; toda vez que dicha escritura No. 37 sólo prueba la venta de un inmueble por aquélla en estado de viudez hace once años y cuyo precio de $6,000 confesó haberlos recibido antes del otorgamiento de la escritura lo que hace aun más remoto el pretendido origen del dinero empleado en la compra de los

condominios citados; que tampoco se ha presentado documento alguno en que conste la aportación de dichos $6,000 a su actual matrimonio con el Sr. Fajardo, y que las meras declaraciones que hacen los esposos Fajardo Cabassa en dichas escrituras No. 22 y 54 no son bastantes para justificar la exclusiva propiedad de la adquisición por uno solo de los mismos, todo lo cual hace imposible seguir la pista de los primitivos bienes privativos alegados, y por tanto ha de estarse a la presunción jurídica que establece el artículo 1322 del Código Civil que no ha sido destruida, y a las resoluciones de la Dirección General de los Registros de 30 de junio de 1888 y en enero 17 de 1913 y a los casos de *Sánchez* vs. *El Registrador* y *Sociedad Protectora* vs. *El Registrador*, 28 y 29 D.P.R. 669 y 974 que sostienen la presente nota.''

Según interpretamos nuestras propias decisiones, éstas son al efecto de que no bastará la mera manifestación de uno de los cónyuges, o aún del padre que se supone haberle hecho donación de bienes a la esposa. En otras palabras, una declaración escrita, aún de la parte contra quien pudiera surgir un impedimento (*estoppel*), no bastaría para contrarrestar la presunción establecida. El registro debe arrojar certeza. ¿Es ésta una certeza que no deja posibilidad de fraude o error? No podemos resolverlo así, porque después de todo sólo hay pocos casos en los cuales tal certeza absoluta podría establecerse. En un inmenso número de casos, una persona casada que ha recibido bienes antes o después de haberse celebrado el matrimonio, podría ser negligente en conservar su prueba o en mantener el *status quo* de los bienes, que una vez pudo probarse claramente. Anteriormente, hemos indicado nuestras dudas respecto a un requisito demasiado estricto, en el caso de *Marrero* v. *El Registrador*, 34 D.P.R. 202, y en el de *Alum Pérez* v. *El Registrador de Arecibo*, de marzo 20, 1928, 37 D.P.R. 894 tomamos una posición más definitiva, al efecto de que la presunción puede ser destruida, como en otros casos, cuando existe bastante prueba corroborativa de las manifestaciones.

En el presente recurso, que es muy similar al de *Alum*,

*supra,* la esposa adquirió definitivamente dinero con motivo de la venta de una propiedad que le había pertenecido siendo viuda. El registrador acepta estos hechos en su nota. Hallamos que existe una certeza suficiente. Para los fines del registro, la presunción ha quedado controvertida, y *la nota debe ser revocada.*