RAMONA GONZÁLEZ DELGADO y JUAN RIVERA FIGUEROA, recurrentes, *v.* EL REGISTRADOR DE LA PROPIEDAD DE HUMACAO, recurrido.

Núm. 1283.—*Sometido:* Mayo 1, 1952. *Resuelto:* Mayo 7, 1952.

*Faustino R. Aponte,* abogado de los recurrentes; el Registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR MARRERO emitió la opinión del tribunal.

En la escritura pública otorgada en Humacao el día 21 de julio de 1951 se hace constar que los esposos Juan Rivera Figueroa y Ramona González Delgado son dueños de una parcela de terreno compuesta de 196 metros cuadrados, situada en el barrio Mabú de dicho municipio; que en ella dichos esposos han construído una casa de hormigón a un costo de $10,000 pertenecientes privativamente a la esposa "por haberle sido pagados por el gobierno federal de los Estados Unidos de América por la muerte de su sobrino Rosario Gerena en la guerra de Corea", que el notario tiene a la vista un libramiento de la Administración de Veteranos expedido de acuerdo con el National Service Life Insurance Act de 1940, así como una serie de comunicaciones y cartas del Departamento de la Guerra y de las Fuerzas Armadas de la Nación donde se hace constar la muerte en el campo de batalla de Gerena, así como que el dinero sería enviado a la compareciente. También se dice en ella que la otorgante "suplica del señor Registrador de la Propiedad se inscriba a su nombre la edificación como un bien privativo de ella a todos los efectos legales, y el marido así lo acepta", y que con el fin de levantar fondos los esposos comparecientes suscribieron el mismo día del otorgamiento de la escritura, dos pagarés a la orden del portador o tenedor por la suma de $5,000 cada uno, y a la presentación, y que para responder de ellos y de la suma de $800 fijada para costas, gastos, honorarios e intereses en caso de mora, constituyen primera hipoteca voluntaria sobre el solar y casa descritos y consienten en que la finca quede gravada hasta tanto sea solventada la deuda que garantiza.

Presentada esa escritura al Registro de la Propiedad, el registrador la inscribió en la forma siguiente:

"Inscrito este documento en cuanto a la venta e hipoteca al folio 247 vto. del tomo 92 de Humacao, finca 2909, inscripción 4ta.; haciéndose constar que se practica la inscripción de la edificación con la reputación de ganancial que establece el artículo

1307 del Código Civil (Ed. de 1930) por no haberse demostrado el carácter privativo del dinero invertido en la construcción, ya que no se ha producido ante la consideración del Registrador para su calificación, documento fehaciente alguno que pudiera dejar demostrado con claridad si el dinero invertido es de procedencia privativa; amén de que se están construyendo bienes que se dicen ser privativos en suelo de carácter ganancial. Afecta sólo a la hipoteca que aquí se constituye. Humacao a 3 de octubre de 1951."

Contra esa calificación los otorgantes han acudido ante nos con el recurso gubernativo autorizado por la ley. Véase Ley de marzo 1, 1902, pág. 313,—Estatutos Revisados de 1911, pág. 450. Alegan que el registrador de la propiedad erró al negarse a inscribir la edificación de la casa como un bien privativo de la esposa, siendo su criterio que habiéndose probado la procedencia del dinero por haber el notario dado fe de tener ante sí el número de pago de la póliza, así como otros documentos que acreditan el pago de ésta, ello bastaba para demostrar el carácter privativo del dinero.

Discrepamos del criterio de los recurrentes. Por disposición expresa del artículo 1307 del Código Civil, ed. de 1930, "se reputan gananciales todos los bienes del matrimonio, mientras no se pruebe que pertenecen privativamente al marido o a la mujer." Véanse, además, *Robles* v. *Guzmán*, 67 D.P.R. 718, y casos citados a las páginas 721 y 722. Para destruir esa presunción no basta que en la escritura el notario haga constar que ha tenido a la vista los documentos que a su juicio demuestran que el dinero con que se construye o adquiere una propiedad pertenece privativamente a uno de los cónyuges. Tampoco es suficiente que ambos esposos afirmen en la escritura que la adquisición o edificación se ha verificado con dinero propio de uno de ellos. El carácter privativo de una propiedad debe ser demostrado de modo más fehaciente, *presentándose al registrador*, en unión al documento cuya inscripción se solicita, otros que de manera indubitada e inconcusa demuestren el carácter privativo de los fondos con que se adquiere o edifica la propiedad. Véanse *Feliú* v. *Registra-*

*dor*, 16 D.P.R. 766; *Fuentes* v. *Registrador*, 24 D.P.R. 619, 620; *Figueroa* v. *Registrador*, 24 D.P.R. 851; *Acosta* v. *Registrador*, 27 D.P.R. 250; *Sánchez* v. *Registrador*, 28 D.P.R. 669; *Flores* v. *Registrador*, 31 D.P.R. 124; *Marrero* v. *Registrador*, 34 D.P.R. 202; *Benítez* v. *Registrador*, 36 D.P.R. 570; *Mercado* v. *Registrador*, 68 D.P.R. 138, 143; Morell, *Legislación Hipotecaria*, Tomo 2, 2da. ed., 1927, pág. 274. No cometió, pues, el registrador el error imputádole.

*Debe confirmarse la nota recurrida.*