AIDA B. DENTON VDA. DE FERNÁNDEZ, recurrente, *v.* REGISTRADOR DE LA PROPIEDAD DE SAN JUAN, SECCIÓN TERCERA, recurrido.

*Número:* O-69-144          *Resuelto:* 9 de marzo de 1970

---

*Dubón & Dubón* y *A. Torres Braschi,* abogados de la recurrente; el Registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR RIGAU emitió la opinión del Tribunal.

Se insta el presente recurso contra la denegatoria de inscripción del Registrador de la Propiedad, Sección Tercera de San Juan, de la Escritura de Partición Núm. 44, otorgada en 15 de diciembre de 1965 ante el notario don Aurelio Torres Braschi en cuanto a la adjudicación de dos fincas rústicas que le fueron reconocidas y adjudicadas a la recurrente como privativas en las operaciones particionales de la herencia de su esposo don Antonio Fernández García. En dicha escritura comparecieron como otorgantes la recurrente doña Aida B. Denton Vda. de Fernández, los cuatro herederos de su esposo todos mayores de edad, y don Luis E. Dubón en su carácter de contador partidor de la mencionada herencia.

Los motivos por los cuales el Registrador denegó la inscripción de la escritura son los siguientes:

1. "Por observarse que las fincas constan inscritas a favor de Aida B. Denton y su esposo el causante Antonio Fernández García y en el documento se dice que Aida B. Denton adquirió la finca privativamente y aun cuando los herederos de dicho causante manifiestan que es de su privativa pertenencia, no es suficiente dicha expresión para destruir la presunción ganancial del inmueble, según doctrina establecida en el caso *Feliú et al.* v.

*Registrador*, 16 D.P.R. 766 y *Acosta* v. *Registrador*, 27 D.P.R. 250, por lo tanto no se ha acreditado aún la procedencia privativa del dinero invertido por ella al adquirir la finca."

2. Por no haberse "acreditado que el Tribunal correspondiente haya expedido Cartas Testamentarias a favor del Albacea Testamentario Luis E. Dubón, las cuales constituyen prueba de su autoridad . . . ."

3. "Por no aparecer del documento que el compareciente Antonio Fernández Piñeiro haya estampado su firma y sus iniciales en el original; según inciso 3 sección 20 de la Ley Notarial."

■ Sin mayor dilación debemos examinar lo resuelto en los dos casos citados por el Registrador en su nota denegatoria con el objeto de ver si en efecto disponen del presente caso. En *Feliú* v. *Registrador*, 16 D.P.R. 766 (1910), se resolvió que no bastaban para darle carácter privativo a un inmueble que se presume ganancial las afirmaciones únicas del marido y de su esposa, hechas en la escritura de compra del inmueble, en el sentido de que la finca en cuestión la compraba la esposa con su peculio propio. El otro caso citado por el Registrador en su nota es el de *Acosta* v. *Registrador*, 27 D.P.R. 250 (1919). En ese caso, en una opinión de dos páginas, se expresan los hechos y se resuelve lo mismo que en *Feliú* v. *Registrador*, supra: Las afirmaciones de ambos cónyuges en una escritura no bastan para darle carácter de privativo a un bien que se presume ganancial.

Según certificaciones que obran en autos del Registro de la Propiedad, Sección Segunda de Río Piedras, las inscripciones de las dos parcelas en cuestión contienen dos cláusulas parecidas, las cuales, en esencia, dicen que la parcela que se adquiere es privativa de Aida Denton de Fernández García por haberla ésta pagado con fondos privativos de ella que son parte de dinero que recibió de El Pueblo de Puerto Rico por concepto de compensación en procedimientos de expropiación forzosa seguidos contra bienes privativos de ella ante el Tribunal de Expropiaciones de Puerto Rico en el caso Núm. 188, hecho que acepta su esposo compareciente.

Hasta aquí el caso de autos se parece a los casos citados por el Registrador pero hay una circunstancia adicional que los distingue de aquellos. Ésta es que en la escritura de partición comparecen, como mencionamos antes, los cuatro herederos del causante. Uno es un hijo habido en su primer matrimonio y los otros tres son hijos habidos en su matrimonio con la recurrente. Dichos cuatro herederos son todos mayores de edad y están facultados para disponer de sus bienes.

En *Feliú*, supra, el Tribunal razonó como sigue:

"El artículo 1322 del Código Civil [ed. 1902; ahora Art. 1307, ed. 1930; 31 L.P.R.A. sec. 3647] establece que se reputan gananciales todos los bienes del matrimonio, mientras no se pruebe que pertenecen privativamente al marido o a la mujer; y en el presente caso no se ha probado que la finca de que se trata pertenezca privativamente a Justina Servera."

Ciertamente que la Servera y su esposo Francisco Feliú afirman en la escritura que la adquisición se hace con peculio propio de la primera; pero tal afirmación no es bastante para que se repute la finca de la exclusiva pertenencia de la esposa. La procedencia del dinero con que se hace la adquisición debe justificarse de modo más fehaciente que por la sola voluntad de los consortes interesados, pues si la mera afirmación de éstos fuera bastante al fin pretendido, resultaría que por la sola voluntad de los particulares se alterarían los derechos que la ley otorga al marido en la sociedad conyugal, se facilitaría a los cónyuges el medio de burlar la prescripción legal que prohibe los contratos entre ellos, y la alegación del marido en una compraventa de que el precio era de su mujer, sería la manera de encubrir una ilícita donación según dice la Dirección General de los Registros en resolución de 30 de junio de 1888."

En *Cabassa* v. *Registrador*, 38 D.P.R. 251 (1928), luego de repetir que no bastará la manifestación de uno de los cónyuges o de su padre para destruir la presunción de ganancial que establece el Código, reconocimos que:

"En un inmenso número de casos, una persona casada que ha recibido bienes antes o después de haberse celebrado el matrimonio, podría ser negligente en conservar su prueba o en man-

tener el *status quo* de los bienes, que una vez pudo probarse claramente. Anteriormente, hemos indicado nuestras dudas respecto a un requisito demasiado estricto, en el caso de *Marrero* v. *El Registrador,* 34 D.P.R. 202, y en el de *Alum Pérez* v. *El Registrador de Arecibo,* de marzo 20, 1928, 37 D.P.R. 894 tomamos una posición más definitiva, al efecto de que la presunción puede ser destruída, como en otros casos, cuando existe bastante prueba corroborativa de las manifestaciones."

█ La regla que hemos establecido de que las manifestaciones de los cónyuges no bastan para destruir la presunción de gananciales se basa principalmente en que si así fuese se podrían encubrir donaciones ilícitas de un cónyuge a otro y la contratación ilegal entre ellos, *Feliú* v. *Registrador,* supra. Esto lo reconocimos en *Blanes* v. *González,* 60 D.P.R. 567 (1942), en donde expresamos que en controversias entre marido y mujer desaparece la razón antes dicha de la regla y en tales casos los tribunales no tienen que ser tan exigentes en cuanto a la suficiencia de la prueba. En otras palabras, si no hay peligro de que se trate de una donación o contratación ilícita el Tribunal puede tomar en consideración la manifestación del cónyuge y, desde luego, toda otra prueba pertinente.

Estudiamos este asunto con más detenimiento en *Espéndez* v. *Vda. de Espéndez,* 85 D.P.R. 437 (1962), y allí luego de citar a los tratadistas y nuestra propia jurisprudencia expresamos a las págs. 442–443 lo siguiente:

"[C]uando la controversia sobre la naturaleza de los bienes es entre los cónyuges o entre los herederos de uno y el supérstite, sin que se lesionen derechos de terceros que hayan podido contratar confiados en la presunción favorable a la ganancialidad, entonces desaparece el rigor y la exigencia de la prueba y basta con que se establezca a satisfacción del juzgador que las circunstancias indican que los bienes han sido adquiridos mediante la inversión de bienes privativos y no a costa del caudal común, sin que sea indispensable identificar la procedencia exacta de los fondos invertidos o reinvertidos para la adquisición. Scaevola fija claramente el alcance de la presunción cuando dice que "no

se entienda que por el solo hecho de haber duda los bienes han de ser gananciales . . .' y añade que 'la presunción del artículo 1407 no es aplicable a los casos de duda, sino a los en que falte prueba en contrario.' Es por eso que la función principal del tribunal en estos casos es apreciar, por el conjunto de la prueba, la forma en que vinieron al matrimonio los bienes objeto de discusión."

■ En el caso de autos no existe controversia entre los cónyuges ni entre la recurrente y los herederos de su esposo, pero los que podrían resultar perjudicados son los herederos del causante—sus cuatro hijos—y el reconocimiento que ellos han hecho en la escritura de partición de que esas dos parcelas pertenecen privativamente a la recurrente es una admisión que pueden hacer. Cf. *González* v. *Registrador*, 29 D.P.R. 818 (1921). Tampoco aparece que dicha admisión hecha por los herederos del causante perjudique a terceros. Las únicas bajas de la herencia, según el párrafo sexto de la escritura de partición montaron a $4,272.93, de los cuales $2,517.50 correspondían a gastos de la última enfermedad y funerales del causante y $1,755.43 de cuentas misceláneas por pagar, cantidades estas, que según el citado párrafo de la escritura, fueron pagadas.

Por todo lo anterior somos de opinión que el primer motivo que tuvo el Registrador para denegar la inscripción no es válido.

■ Como segundo motivo aduce el Registrador que no se acreditó que el tribunal correspondiente expidiese cartas testamentarias a favor del albacea Luis E. Dubón. Pero la realidad es que Dubón no compareció en la escritura como albacea sino únicamente en su carácter de contador partidor y por eso no era necesario acreditar que se le habían expedido cartas testamentarias como albacea.(1) Su autoridad como

(1) En *Paine* v. *Srio. de Hacienda*, 85 D.P.R. 817, 820 (1962), dijimos: "El albaceazgo no es otra cosa que una administración acompañada de un derecho de representación para cumplir ciertas funciones específicas relacionadas con la conservación del caudal hereditario hasta el momento en que

contador partidor la derivó Dubón del testamento mismo, testamento que no fue impugnado por nadie. Dice al efecto la escritura de partición que las partes—la recurrente, los cuatro herederos y Luis E. Dubón—exponen:

"Que en su referido testamento, don Antonio Fernández García designó al aquí compareciente, don Luis E. Dubón, albacea y contador-partidor de sus bienes hereditarios, habiendo dicho compareciente aceptado oportunamente el cargo de albacea y expedídosele cartas testamentarias por el Tribunal Superior de Puerto Rico, Sala de San Juan, por resolución dictada el tres de octubre de mil novecientos sesenta y dos en el caso civil de dicha Sala titulado 'Luis E. Dubón, Peticionario, Civil número sesenta y dos guión siete mil quinientos cincuenta y seis (62-7556), sobre: Expedición de Carta Testamentaria'."

Tampoco se justifica la denegatoria de inscripción por el segundo motivo aducido por el Registrador.

Del tercer motivo no se recurre. Dice al efecto la recurrente en su escrito:

"Por error de transcripción se omitió en la copia certificada de la escritura la firma del compareciente Antonio Fernández Piñeiro, cuando la realidad es que dicho compareciente estampó su firma e iniciales en el original, según aparece de la fotocopia de dicho original, que como copia simple se acompaña al presente escrito."

*Por todo lo anterior se revocará la nota recurrida en cuanto a los motivos primero y segundo antes expuestos en esta opinión y se ordenará la inscripción del documento que fue objeto de dicha nota luego de que se subsane el error en la certificación de la copia presentada y se acredite debidamente que el compareciente heredero Antonio Fernández Piñeiro firmó el original.*

El Juez Asociado Señor Pérez Pimentel concurre en el resultado.

---

la herencia sea adida por los herederos, y como tal, tampoco podemos considerar a los albaceas como que forman una persona jurídica distinta a los herederos."