Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| SUCESIÓN JOSÉ A. NIEVES LÓPEZ Y OTROS<br><br>Demandantes-recurrido<br><br>Vs.<br><br>SUCESIÓN ABRAHAM NIEVES NEGRÓN y otros<br><br>Demandados-Peticionarios | TA2026CE00351 | *CERTIORARI* procedente del Tribunal de Primera Instancia<br><br>Caso Núm. GM2024CV00048<br><br>Sala: 301<br><br>Sobre: División o Liquidación de la Comunidad de Bienes Hereditarios y otros |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Cruz Hiraldo y el Juez Sánchez Báez.

Cruz Hiraldo, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 29 de abril de 2026.

Comparece la parte peticionaria compuesta por, Abraham Nieves Company, Inc.; Bienes Nieves Incorporado; y Mueblerías Guamaní, Inc. La parte peticionaria solicita la expedición del presente recurso extraordinario con el propósito de revisar la *Resolución y Orden* emitida y notificada el 10 de febrero de 2026 por el Tribunal de Primera Instancia, Sala de Guayama. Conforme al dictamen recurrido, el foro primario nombró un Administrador Judicial sobre el caudal relicto objeto del litigio de título.

Por los motivos expuestos en esta sentencia, *expedimos* el recurso apelativo solicitado y *modificamos* el dictamen recurrido.

-*I*-

El 25 de enero de 2024 la parte recurrida compuesta por: la Sucesión José Aníbal Nieves López; José Aníbal Nieves Monserrate, y Lisandra Beltrán Ramírez, y la Sociedad Legal de Bienes Gananciales Nieves Beltrán; Fernando Abraham Nieves

Monserrate, y Angela Bella Flores Martin, y la Sociedad Legal de Bienes Gananciales Nieves Flores; Lydia Ivelisse Nieves Monserrate, y Julio R. Valentín Nazario, y la Sociedad Legal de Bienes Gananciales Valentín Nieves; y Socorro Ivelisse Monserrate Anselmi, todos por si, y algunos como miembros de la Sucesión José Aníbal Nieves López, la Sucesión Abraham Nieves Negrón, y la Sucesión de Cándida López; y todos como accionistas de Abraham Nieves Company Inc.; Bienes Nieves Incorporado; y Mueblerías Guamani Inc., presentó una *Demanda* en contra de: Myrna Rosario Nieves Gutiérrez; Cándida Rosa Nieves López; Juan Carlos Ortiz Nieves; Carlos Abraham Ortiz Nieves, José Carlos Ortiz Nieves; Abraham Nieves Company, Inc.; Bienes Nieves Incorporado; la Sucesión Abraham Nieves Negrón; Mueblerías Guamaní, Inc.; y Sucesión Cándida López,; compuestas ambas sucesiones por: Myrna Rosario Nieves Gutiérrez; Cándida Rosa Nieves López; Juan Carlos Ortiz Nieves; Carlos Abraham Ortiz Nieves; José Carlos Ortiz Nieves; José Aníbal Nieves Monserrate; Fernando Abraham Nieves Monserrate; Lydia Ivelisse Nieves Monserrate; y la Sucesión Luis Antonio Nieves López compuesta por Myrna Rosario Nieves Gutiérrez. El 24 de mayo de 2024, lo parte recurrida presentó *Moción en Solicitud de Enmienda a Demanda*, solicitó excluir a José A. Nieves Monserrate, Lisandra Beltrán Ramírez y a su sociedad legal de gananciales Nieves Beltrán por renuncia y repudio de herencia. El tribunal autorizó la enmienda según solicitada.

La parte recurrida solicitó un *injunction provisional, preliminar* y *permanente*, y un *injunction estatutario* conforme a la Ley de Corporaciones de Puerto Rico en el Artículo 7.10 para inspección a libros corporativos. Incluyó una petición de acción derivativa contra los directores de las corporaciones; adujo incumplimiento con el deber de fiducia por el albacea testamentario; reclamó daños continuos y sucesivos; y solicitó: un

embargo provisional conforme a la Regla 56.1 de las Reglas de Procedimiento Civil; y la designación de un administrador judicial para las sucesiones, y otro para las entidades corporativas; una *Orden* para consignar todos los ingresos de las corporaciones y sucesiones demandadas. También solicitó la restitución del dinero retirado de ciertas cuentas corporativas, y cuentas bancarias del caudal relicto; y la expedición de un embargo preventivo sobre cualquier propiedad de las corporaciones, y cualquier mueble o inmueble propiedad de las sucesiones. Finalmente, requirió las costas, gastos y honorarios de abogados, y una orden para el inventario y avalúo de los bienes de las sucesiones; la adjudicación y partición de la masa de bienes hereditaria conforme.

En lo pertinente a este recurso, el 9 de abril de 2025 el foro primario celebró una vista sobre el estado de los procedimientos. En la vista, la parte recurrida solicitó el nombramiento de un administrador judicial. Esto debido a la resistencia de la parte peticionaria, y el resto de los codemandados, en proveer la documentación solicitada sobre el contenido del caudal relicto de las sucesiones. La parte peticionaria argumentó en contra del nombramiento de un administrador judicial. El foro recurrido concedió treinta días a la parte peticionaria para proveer toda la documentación solicitada por lo parte recurrida o en su defecto, nombraría al administrador judicial. El 9 de junio de 2025, la parte recurrida presentó *Moción Urgente Solicitando Nombramiento de Administrador Judicial*, solicitó el nombramiento inmediato de un administrador judicial para las corporaciones y otro para la Sucesión Abraham Nieves. El 18 de julio de 2025, la codemandados Juan Carlos Ortiz Nieves, José Carlos Ortiz Nieves, Carlos Abraham Ortiz Nieves, Cándida Nieves López y Myrna Nieves Gutiérrez presentaron *Oposición a "Moción Urgente Solicitando Nombramiento de Administrador Judicial"*, catalogaron

como improcedente la solicitud de la parte recurrida, que carecía de sustancia y pretendía una intervención extraordinaria e injustificada en la gestión de corporaciones válidamente constituidas, y en caudales hereditarios ya liquidados. Por último, solicitó la celebración de una vista evidenciara antes de cualquier adjudicación en cuanto a la solicitud de la parte peticionaria. El 19 de julio de 2025, la parte peticionaria presentó *Oposición a Moción Solicitando Designación de Administrador Judicial y/o Síndico Corporativo*.

El 21 de julio de 2025, el tribunal celebró vista, ese mismo día, ordenó a las partes a que "presenten una Moción conjunta informando el nombre de un CPA para ser nombrado Administrador Judicial del caudal hereditario (no de las corporaciones). De esto no ser estipulado, cada parte deberá someter el nombre de tres candidatos con el Currículum Vitae para ser nombrado por el Tribunal". El 6 de agosto de 2025, los codemandados Juan Carlos Ortiz Nieves, José Carlos Ortiz Nieves, Carlos Abraham Ortiz Nieves, Cándida Nieves López y Myrna Nieves Gutiérrez solicitaron al tribunal que dejara sin efecto la orden antes colegida. En la alternativa, solicitaron una vista de evidencia amplia (no menos de cinco días), y que se impusiera a la parte recurrida la carga de la prueba y, de determinarse temeridad, la imposición de costas y honorarios.

El 5 de diciembre de 2025 el foro de primera instancia celebró una vista sobre el estado de los procedimientos. Concedió a las partes un plazo de cinco días para presentar distintos candidatos para administrador judicial, y hasta el 30 de diciembre de 2025 "para informar si hay acuerdo sobre designación y de no ser así, el Tribunal hará su determinación". Por medio de la *Resolución y Orden* del 28 de enero de 2026 el foro de primera instancia dispuso según sigue:

> Se designa como Administrador Judicial en el caso de epígrafe a Ricardo Falcón-Sánchez, CPA con oficinas ubicadas en Metro Office Park, Lote 14 Calle 2, Parkside Plaza Building, Suite 306, Guaynabo, Puerto Rico, Teléfono (787) 425 0500.
>
> Se le ordena a la representación legal de las partes comunicarse con el Administrador Judicial a la mayor brevedad posible y colaborar con éste de manera que se puedan finiquitar los asuntos pendientes en el caso.
>
> Notifiquen las partes con el Administrador Judicial el Informe de este sobre haberes en el caso. A menos que el Tribunal disponga otra cosa el perito continuará con su gestión hasta que el Informe sea rendido y aprobado.

El 5 de febrero de 2026, el administrador judicial presentó *Moción Informativa y Asumiendo Representación Legal* solicitó que, aclaración en torno al alcance de sus funciones, en específico "el alcance de la labor de administración que se estará llevando a cabo y la necesidad de que la orden de designación recoja todos los pormenores al respecto". El 6 de febrero de 2026 el foro primario ordenó a las partes a:

> [Q]ue en o antes de 30 días coordinen una reunión y acuerden el alcance de las gestiones a realizar por el administrador judicial y presenten una moción en conjunto con los acuerdos de funciones del administrador judicial.
>
> Luego de dicho término cada parte tendrá 15 días adicionales para que expongan los asuntos o materias a los que se oponen (debidamente fundamentada con las razones) a que el administrador judicial haga sus oficios; so pena de sanciones.

Las partes no lograron llegar a un acuerdo sobre funciones a asignarse al administrador judicial. Por ello, el foro primario emitió la *Resolución y Orden* recurrida el cual estableció los deberes y facultades del administrador. El 23 de febrero de 2026, la parte peticionaria presentó *Urgente Moción de Reconsideración Parcial* solicitó dejar sin efecto los poderes conferidos al administrador judicial en los acápites 21 y 25 en la resolución recurrida. Según la parte peticionaria, estos incisos confirieron al administrador

judicial poderes extraordinarios de subrogarse en los derechos de los accionistas de las corporaciones peticionarias. Concluyó que, tales párrafos equivalen a una sindicatura sobre las corporaciones demandadas. El 26 de febrero de 2026 el tribunal denegó la reconsideración. Inconforme, la parte peticionaria comparece ante este tribunal y señala el siguiente error:

> ERRÓ EL TPI AL CONFERIRLE AL ADMINISTRADOR JUDICIAL DE LOS CAUDALES HEREDITARIOS EL PODER EXTRAORDINARIO DE SUBROGARSE EN LOS DERECHOS QUE LA LEY DE CORPORACIONES LE CONFIERE A LOS ACCIONISTAS CON RELACIÓN A SU TENENCIA DE ACCIONES CORPORATIVAS, LO CUAL CONSTIYUYE, *DE FACTO*, EL HABERLE NOMBRADO A LAS CORPORACIONES UN ADMINISTRADOR JUDICIAL, EN CONTRAVENCIÓN DE LA JURISPRUDENCIA DEL TRIBUNAL SUPREMO EN *IN RE BALZAC BÁEZ*, 109 DPR 670 (1980), Y VIOLANDO ASÍ EL RECONOCIMIENTO QUE EL DERECHO HACE DE LA PERSONALIDAD JURÍDICA DISTINTA Y SEPARADA DE LA CORPORACIÓN *VIS-AVIS* SUS ACCIONISTAS.

El 24 de marzo de 2026 paralizamos los procedimientos ante el tribunal de primera instancia. Ese mismo día, la parte recurrida compareció mediante alegato escrito en oposición a la expedición solicitada. En consecuencia, procedemos a disponer del presente recurso con el beneficio de la comparecencia de las partes, el contenido del expediente electrónico y el derecho aplicable.

### -II-

### -A-

El recurso de *certiorari* es un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar determinaciones interlocutorias del foro de origen. *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023). El tribunal revisor tiene discreción para resolver el recurso promovido, ya sea, expedir y considerar la cuestión en sus méritos, o denegar sin otra salvedad sobre el asunto apelado. *Rivera Figueroa v. Joe's*

*European Shop*, 183 DPR 580, 593 (2011). La Regla 40 del Reglamento de este Tribunal, In re Aprob Enmdas., Reglamento TA, 2025 TSPR 42, 215 DPR ___ (2025), establece los criterios al ejercer nuestra facultad discrecional de expedir o denegar un recurso extraordinario de *certiorari*:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

*-B-*

En *Ab Intestato Balzac Vélez, Ex parte*, 109 DPR 670 (1980),[1] caso normativo sobre la administración judicial de una herencia, el

---

[1] En *Ab Intestato Balzac Vélez, Ex parte*, 109 DPR 670 (1980), los hermanos Balzac-Hernández solicitaron intervención del tribunal y adujeron que más que el nombramiento de un contador partidor, procedía la administración judicial de la herencia de su padre porque sus hermanos Balzac-Báez "venían operando la corporación G. Balzac & Cía., Sucrs., Inc., en forma deficiente, sin su participación ni conocimiento de lo que se hacía con los beneficios y activos de la corporación y sus negocios de venta y comestibles y almacén. Además, alegaron que los Balzac-Báez estaban administrando otros bienes de la herencia que producían frutos y rentas que no se estaban contabilizando." Los últimos se opusieron y "argumentaron la improcedencia del administrador judicial por no haber menores de edad ni ausentes ni incapaces entre los herederos" y porque no podía sujetarse la administración de corporaciones que realmente no forman parte del caudal hereditario y tienen su propia Junta de Directores. *Íd.*, págs. 674-675.

Tribunal Supremo enfatizó que tal autorización "[d]epende en última instancia del trasfondo de hechos." *Íd.*, pág. 678.

Aún en el caso de la **herencia testada, con herederos capaces**, si alguno alega "peligro e inseguridad para los bienes, la administración judicial es el mecanismo adecuado para atender esa situación. Nada impedía que el juez de instancia así lo estimara." *Ab Intestato Balzac Vélez, Ex parte, supra*, pág. 678. El artículo 597 del Código de Enjuiciamiento Civil, 32 LPRA sec. 2571, establece que "[t]an pronto como un administrador haya prestado su fianza y juramento oficial, el juez o tribunal que lo hubiere nombrado expedirá a su favor cartas de administración bajo su sello, en testimonio de su autoridad."

### -III-

Las corporaciones peticionarias recurren de la *Resolución y Orden* del 10 de febrero de 2026, en la cual el foro recurrido estableció el ámbito de gestión del administrador judicial. La parte peticionaria solo cuestiona los poderes detallados en los párrafos 21 y veinticinco 25 de la resolución recurrida, titulados "Reuniones corporativas" y "Sucesiones como accionistas de sociedades". La parte peticionaria concluye que, estos poderes equivalen a poner a las corporaciones aquí comparecientes en sindicatura. Estamos de acuerdo con la parte peticionaria en cuanto a que, la etapa del procedimiento en que se presenta el caso es la más propicia para considerar este asunto conllevaría un fracaso a la justicia pues el recurso incluye "cuestiones neurálgicas o de política pública que deben estar sujetas a revisión inmediata". *Mun. Autónomo de Caguas v. JRO Construction*, 201 DPR 703, 710 (2019); Regla 40(E) del Reglamento del Tribunal de Apelaciones, *supra*. También queda claro que, conforme al trasfondo de hechos colegidos en la primera parte de esta sentencia, el tribunal no nombró síndico sobre los

comparecientes. Empero, concurrimos con que, el lenguaje utilizado por el foro primario causa confusión en torno a las actuaciones que, el administrador judicial podrá efectuar en protección de las acciones que forman parte del caudal relicto.

En todo caso, la misión del administrador judicial en el caso de título es lograr la división y partición de una herencia de carácter contencioso. Véase, *Batiz v. De Ponce*, 104 DPR 41 (1975). Consecuentemente, el administrador judicial podrá ejercer sus funciones judiciales sobre el patrimonio de las corporaciones en la medida que, tal patrimonio esté dentro de ese caudal relicto, inclusive las acciones, y demás bienes corporativos conforme a la autoridad como tal la deriva del testamento del causante, y bajo la supervisión y dirección del foro de primera instancia. *Viuda de Fernández v. Registrador*, 98 DPR 765, 771 (1970). Con tales objetivos en mente, el administrador judicial en este caso podría, por ejemplo, solicitar y obtener diferentes remedios específicos disponibles a todo accionista en la Ley de Corporaciones de Puerto Rico. Ciertamente las consideraciones expuestas en el expediente electrónico, hasta ahora, solo demuestran la necesidad de las funciones de un administrador judicial para liquidar el estado de comunidad de los bienes que componen las herencias incluidas en la demanda. Esto en consideración a la imposibilidad de acuerdo entre las partes del pleito en torno a estos asuntos.

### *-IV-*

En consideración a los fundamentos expuestos en esta sentencia, *expedimos* el auto solicitado, y *ordenamos* al foro primario *revisar y modificar* la *Resolución y Orden* recurrida con el propósito de delimitar las funciones del administrador representando a los accionistas en las corporaciones. Esto en atención al derecho aplicable, y con especial atención a la Ley de Corporaciones.

*Ordenamos* la continuación de los procedimientos ante el foro de primera instancia, y *devolvemos* el caso para la continuación del pleito conforme a lo aquí establecido. El Tribunal de Primera Instancia puede continuar el caso sin necesidad de espera por nuestro mandato. Regla 35 (A)(1) del Reglamento del Tribunal de Apelaciones, In re Aprob Enmdas., Reglamento TA, 2025 TSPR 42, 215 DPR ___ (2025).

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones