Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| EL PUEBLO DE PUERTO RICO<br><br>Recurrida<br><br>v.<br><br>JESÚS MÉNDEZ LEBRÓN<br><br>Peticionario | KLCE202301157 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Arecibo<br><br>Criminal Núm.: CSC2019G0319 al CSC2019G0325; CSC2021G0023 al CSC2021G0025, CLA2021G0016, CLA2021G0017<br><br>Sobre:<br>Art. 401 Ley 4 (8 cargos)<br>Art. 403 Ley 4 (2 cargos)<br>Art. 5.04 y 6.01 LA |
|---|---|---|

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Álvarez Esnard y la Jueza Díaz Rivera.

Candelaria Rosa, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 27 de noviembre de 2023.

Comparece el señor Jesús Méndez Lebrón (señor Méndez Lebrón o peticionario) vía petición de *certiorari* a fin de solicitar la revocación de la *Resolución* emitida el 11 de agosto de 2023 y notificada el 14 de agosto de 2023, por el Tribunal de Primera Instancia, Sala Superior de Arecibo. Mediante el referido dictamen, el foro primario declaró no ha lugar a la *Solicitud de Supresión de Evidencia* presentada por el peticionario. Por los fundamentos que expondremos a continuación, denegamos la expedición del auto de *certiorari* solicitado.

El Ministerio Público presentó unas denuncias contra el señor Méndez Lebrón por presuntas infracciones a los Artículos 401, 403 y 406 de la Ley de Sustancias Controladas de Puerto Rico, Ley Núm. 4-

1971 (24 LPRA 2401, 2403 y 2406), a raíz de unas alegadas transacciones de compraventa ilegal de sustancias controladas en las que participó el peticionario y un agente encubierto durante las siguientes fechas: (1) 20 de junio de 2018, (2) 26 de junio de 2018, (3) 12 septiembre de 2018 y (4) 19 de octubre de 2018. Surge del expediente ante nuestra consideración que, el agente encubierto capturó en videos con audio las presuntas transacciones.

Como resultado de tales observaciones, el Tribunal de Primera Instancia expidió dos órdenes de registro y allanamiento para obtener el correspondiente material probatorio en la residencia del peticionario y en un solar colindante a ésta. Luego del diligenciamiento de dichas órdenes, la fiscalía radicó unas acusaciones adicionales bajo el Artículo 401 de la Ley de Sustancias Controladas, *supra*, y los Artículos 5.04, 5.10(b) y 459 de la Ley de Armas de Puerto Rico, Ley Núm. 404 de 2000 (25 LPRA sec. 455) derogada por la Ley Núm. 168-2019, conocida como Ley de Armas de Puerto Rico de 2020, por alegada intención de distribuir sustancias controladas y por poseer un arma de fuego cargado de municiones y con número serial mutilado.

Tras una serie trámites procesales, la defensa del peticionario presentó una *Solicitud de Supresión de Evidencia*. En ésta solicitó la exclusión de las grabaciones de los videos con audio y de la evidencia incautada en el diligenciamiento de la orden de registro y allanamiento. Planteó que para efectuar tales grabaciones, el agente encubierto requería una orden judicial expedida por un magistrado. Como respuesta, la fiscalía radicó su *Oposición a la Solicitud de Supresión de Evidencia* en la cual argumentó a favor de la razonabilidad del alcance del registro.

Posteriormente el peticionario radicó una *Urgente Petición de Bifurcación de Controversias Planteadas en la "Solicitud de Supresión de Evidencia" y Suspensión de Vista Pautada para el 14 de marzo de 2023*. En dicho documento solicitó que el tribunal primero atendiese la controversia sobre la admisibilidad de las grabaciones de videos con audio. Peticionó que considerara luego la solicitud de supresión del material incautado por el Estado en el diligenciamiento de la *Orden*. En consecuencia, el Ministerio Público presentó su *Contestación Complementaria a Solicitud de Supresión de Evidencia, en Contestación a Petición de Bifurcación de Controversias y en Cumplimiento de Orden*. En este escrito solicitó que el tribunal declarara no ha lugar la petición para suprimir los videos con audio. Según la fiscalía, tales videos motivaron la expedición de la *Orden de Registro y Allanamiento* contra el peticionario.

Luego de celebrar una vista argumentativa, el Tribunal de Primera Instancia emitió una *Resolución* declarando no ha lugar a la *Solicitud de Supresión de Evidencia*. En esencia, resolvió que la defensa no colocó al foro primario en una posición para determinar si el acusado tenía una expectativa de intimidad. Determinó que la conversación incriminatoria frente al agente encubierto no está protegida constitucionalmente, por lo que tampoco lo está su grabación. Por otro lado, resolvió que en el presente caso no existen imputaciones bajo la Ley Contra el Crimen Organizado y Lavado de Dinero en el Estado Libre Asociado, según enmendada, Ley Núm. 33-1978 (25 LPRA sec. 971). Por tanto, no se requería una orden judicial para efectuar la grabación. Por último, ordenó la continuación de los procesos para atender la solicitud de supresión de evidencia en torno al

material probatorio incautado en el diligenciamiento de la *Orden de Registro y Allanamiento*. Oportunamente el peticionario presentó una *Solicitud de Reconsideración*. Evaluada la aludida petición, el foro primario determinó no ha lugar a dicha solicitud.

Inconforme con el referido dictamen, acudió ante nos mediante una *Petición de Certiorari*. En esencia, señaló que procedía la supresión del video con audio capturado por el agente encubierto por no contar con una orden judicial para dicha intervención. Por su parte, el Ministerio Público presentó el *Escrito en Cumplimiento de Resolución*. En éste argumentó que el peticionario no establece cuál es su expectativa de intimidad a pesar de sus argumentos sobre la ilegalidad de la intervención del agente encubierto en su residencia.

El 22 de noviembre de 2023, el peticionario presentó una *Solicitud Urgente en Auxilio de Jurisdicción y Paralización de los Procedimientos, y Para Que Se Tome Conocimiento Judicial de la Prueba Cuyo Desglose Se Ha Solicitado Bajo la Regla 201 de las de Evidencia*. En vista de dicha solicitud, un panel especial, designado por la Orden Administrativa OATA-2023-179 a fin de atender asuntos urgentes durante la semana de Acción de Gracia, emitió una *Resolución* concediendo al Procurador General hasta el 27 de noviembre de 2023 para que se expresara al respecto. Contando con la posición de ambas partes, procedemos a resolver.

Como es sabido, el *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar a su discreción una determinación de un tribunal inferior. *Orthopedics Prod. Of Puerto Rico, LLC v. Medshape, Inc.*, 207 DPR 994 (2021), Art. 670 del Código de Enjuiciamiento Civil de 1933, conocido como Ley de

Recursos Extraordinarios, (32 LPRA sec. 3491). La característica distintiva de este recurso "se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos". *Rivera Gómez v. Arcos Dorados Puerto Rico*, 2023 TSPR 65; *IG Builders et al.* v. *BBVAPR,* 185 DPR 307, 338 (2012). En ese sentido, la Regla 40 del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, delimita los criterios para la expedición de un auto de *certiorari*. Sus criterios orientan la función del tribunal apelativo intermedio para ejercer sabiamente su facultad discrecional. *Rivera Gómez v. Arcos Dorados Puerto Rico, supra.* A su vez, la aludida regla permite que el análisis del foro apelativo intermedio no se efectúe en el vacío ni se aparte de otros parámetros al momento de considerar los asuntos planteados. *Rivera Gómez v. Arcos Dorados Puerto Rico, supra*; *800 Ponce de León v. American International*, 205 DPR 163 (2020).

En lo concerniente, la Constitución de Estados Unidos y la Constitución del Estado Libre Asociado de Puerto Rico contienen disposiciones que protegen a los ciudadanos contra registros e incautaciones irrazonables de sus hogares, vehículos, efectos personales o cualquier propiedad o lugar en donde el ciudadano tenga una expectativa razonable a la intimidad. *Pueblo v. López Colón*, 200 DPR 273 (2018). En específico, la Cuarta Enmienda de la Constitución de los Estados Unidos (LPRA, Tomo I) y el Artículo II de las Secciones 1, 8 y 10 de la Constitución de Puerto Rico (LPRA, Tomo I) prohíben los registros y allanamientos irrazonables, y a su vez, salvaguardan el derecho a la intimidad. No obstante, no siempre son ilegales los registros sin orden judicial, pues "lo que la Constitución intenta evitar son los registros irrazonables". *Pueblo v. Rivera Colón*, 28 DPR 672,

682 (1991) (citando al Diario de Sesiones de la Convención Constituyente 1566 (1961)).

Ahora bien, el derecho de intimidad no es absoluto. Esta garantía se activa siempre y cuando exista "un interés personal del individuo sobre el lugar u objeto allanado, incautado o registrado, de modo que exista una expectativa razonable de intimidad". *Pueblo v. Díaz Bonano*, 176 DPR 601, 612 (2009) Véase, también, *ELA v. PR Tel. Co.*, 114 DPR 394 (1983). A tales fines, resulta necesario examinar los siguientes criterios en conjunto: (1) el lugar registrado o allanado; (2) naturaleza y grado de intrusión de la intervención policiaca; (3) el objetivo o el propósito de la intervención; (4) si la conducta de la persona era indicativa de una expectativa subjetiva de intimidad; (5) la existencia de barreras físicas que restrinjan la entrada o visibilidad al lugar registrado; (6) la cantidad de personas que tienen acceso legítimo al lugar registrado, y (7) las inhibiciones sociales relacionadas con el lugar registrado. *Pueblo en interés menor N.O.R.*, 136 DPR 949 (1994); *Pueblo v. Rivera Colón*, *supra*.

En cuanto a las residencias, el Tribunal Supremo de Puerto Rico reconoce que "[e]l interior del hogar es, sin duda una, la zona sobre la cual una persona legítimamente tiene la mayor expectativa de intimidad". *Pueblo v. Soto*, 168 DPR 46, 55 (2006). Esta protección se extiende a la inmediación (*curtilage*), es decir, "más allá del interior de la residencia para incluir también a la zona contigua a la casa, compuesta por el terreno y las estructuras accesorias". Íd. pág. 56; Véase también, *Pueblo v. Rivera Colón*, *supra*. En estos casos, el análisis jurisprudencial fija los siguientes criterios: (1) la proximidad a la casa de la zona que se alega compone el *curtilage*; (2) si el área se

encuentra dentro de los linderos de la casa; (3) la naturaleza y el uso que se le da a esa zona, y (4) las medidas que haya tomado el residente para proteger esta zona de observaciones que puedan hacer los transeúntes que por allí pasan. *Pueblo v. Rivera Colón, supra;* Véase, también, *United States v. Dunn*, 480 US 294 (1987). Evaluadas tales consideraciones, se toman cuenta los siguientes aspectos: (1) la naturaleza de la intrusión gubernamental, (2) su efecto sobre la expectativa de intimidad del ciudadano y (3) la necesidad y la utilidad del método investigativo utilizado para implantar la ley. *Pueblo v. Báez López*, 189 DPR 918 (2013); *Pueblo v. Rivera Colón*, *supra*.

En virtud de tales garantías, una persona agraviada por un allanamiento o un registro ilegal puede solicitar del tribunal la supresión evidencia al amparo de la Regla 234 de Procedimiento Criminal (34 LPRA, Ap. II, R. 234). Por medio de esta regla un ciudadano tiene la facultad de peticionar la supresión de evidencia material (objetiva) y testifical antes del juicio. *Pueblo v. Blase Vázquez*, 148 DPR 618, (1999). La parte peticionaria debe exponer los hechos precisos o las razones específicas que justifiquen el fundamento o fundamentos en que basa su solicitud. (34 LPRA Ap. II, R. 234). Al respecto, un fundamento que activa la supresión de evidencia es el hecho de que la propiedad fue ilegalmente ocupada sin orden de allanamiento o registro. En tal instancia, la supresión de evidencia procede si el imputado demuestra que posee la capacidad (*standing*) para solicitar tal remedio, es decir, debe exhibir una expectativa legítima y razonable de intimidad en el lugar ilegalmente registrado. *Pueblo v. Rivera Colón*, *supra*.

En los casos de agente encubiertos, la grabación de conversaciones mediante equipo electrónico no requiere una autorización judicial siempre y cuando la persona que sea objeto de la investigación sea consciente de la presencia del agente en el lugar, aun cuando no conozca su identidad o su intención de grabar la conversación. *Pueblo de Puerto Rico v. Santiago Feliciano,* supra. Véase, además, *United States v. Cáceres*, 440 US 741 (1979). En ese sentido, "las declaraciones voluntarias incriminatorias hechas a otros son incuestionablemente admisibles en evidencia en un procedimiento criminal, sujeto a las Reglas de Evidencia aplicables, sin necesidad de una orden judicial". *Pueblo de Puerto Rico v. Santiago Feliciano, supra,* pág. 392. Cabe destacar que, la expectativa de intimidad es limitada en circunstancias relacionadas directamente con la comisión de un acto criminal. Íd. Véase también, *PR Tel. Co. v. Martínez*, 114 DPR 328 (1983). La persona que confíe en un agente encubierto no ostenta una expectativa razonable de intimidad merecedora de protección respecto de sus declaraciones incriminatorias. *Pueblo de Puerto Rico v. Santiago Feliciano*, *supra.*

Por último, el Artículo 18 de la Ley Contra el Crimen Organizado, Ley Núm. 33-1978 (25 LPRA sec. 971q) requiere que las grabaciones de conversaciones no telefónicas se efectúen cuando medie una orden judicial. Sin embargo, la aplicabilidad de este precepto legal no es automática. En estos escenarios hay que determinar la existencia de un patrón de crimen organizado. *Pueblo v. Meliá León*, 143 DPR 708 (1997). Según la precitada ley, la actividad de crimen organizado constituye cualquier acto o amenaza relacionado con asesinato, secuestro, juegos ilegales, leyes relativas a la prostitución, incendio,

apropiación ilegal, robo, obscenidad, soborno, extorsión o la venta, posesión y transportación de sustancias controladas, o armas, sujeto a acusación criminal bajo las leyes de Puerto Rico o Estados Unidos. (25 LPRA sec. 971a). En cuanto al patrón, requiere por los menos dos (2) años de actividad de crimen organizado realizado dentro de un periodo de diez (10) años, uno de los cuales deberá ocurrir con posterioridad a la fecha de este inciso. (25 LPRA sec. 971a).

Tras examinar sosegadamente la totalidad del expediente, no encontramos criterios que nos motiven a intervenir en la determinación recurrida a la luz de Regla 40 del Tribunal de Apelaciones (4 LPRA Ap. XXII-B). El señor Méndez Lebrón señala que corresponde la supresión de las grabaciones con audio y del material probatorio incautado debido a que éstos proceden de un registro y allanamiento irrazonable. Sin embargo, el peticionario no demuestra haber colocado al foro recurrido en posición para determinar que es acreedor de una expectativa legítima y razonable de intimidad. Por consiguiente, no podemos determinar que dicho Tribunal haya excedido su discreción al determinar que ocurrió una intervención irrazonable por parte del Estado que produjera la supresión de la evidencia en cuestión.

Asimismo, dicho tribunal se atuvo al marco de su autoridad y no incurrió en abuso en la medida en que la jurisprudencia establece que un agente encubierto no requiere una orden judicial para obtener grabaciones con audio durante sus funciones. *Pueblo de Puerto Rico v. Santiago Feliciano, supra.* Igual que también se mantuvo en el ámbito de su discreción al considerar que en este caso no median las circunstancias contempladas bajo la Ley Contra el Crimen Organizado, *supra*, y que no es necesario contar con una orden judicial a tenor con

el referido precepto legal. Adviértase que nuestro ordenamiento jurídico no prohíbe los registros sin órdenes, sino que limita los registros irrazonables. *Pueblo v. Rivera Colón*, *supra*. En vista de lo anterior, no identificamos actuación que manifieste error, prejuicio o parcialidad que fundamente la expedición del auto solicitado.

Por los fundamentos que anteceden, denegamos la expedición del auto solicitado, y consecuentemente, la petición de auxilio de jurisdicción que permanecía pendiente.

**Notifíquese de inmediato a todas las partes**.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones